SMITH KATZENSTEIN JENKINS LLP

December 3, 2018

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

***VIA ELECTRONIC FILING***

Re: *Arendi S.A.R.L. v. Google LLC*, C.A. No. 13-919-LPS

Dear Chief Judge Stark:

As Arendi stated in its opening letter, granting Arendi leave to amend and supplement its complaint would comport with the liberal standards of Rule 15. Google's contention that the proposed amendments would prove futile rests on a failure to recognize the unique application of the *Twombly/Iqbal* pleading standard in the context of patent cases. Google's suggestion that the amendments would violate an agreement between the parties, the Scheduling Order, D.I. 84, or the Joint Stipulation to Stay, D.I. 35, reflects a misunderstanding of the relevant documents.

**Google misapprehends the application of the *Twombly/Iqbal* standard to patent claims**. A plaintiff need not embed a claim chart in its complaint. Rather, a complaint can satisfy the requirements of *Twombly/Iqbal* "by 'specifically identifying . . . products' which 'perform the same unique function as [the] patented system.'" *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469 (D. Del. 2016) (citation omitted). Moreover, "exemplary pleading of claims is sufficient to satisfy Rule 12(b)(6)." *ProMOS Techs., Inc. v. Samsung Elecs. Co. Ltd.*, No. 18-307-RGA, 2018 WL 5630585, at *2 (D. Del. Oct. 31, 2018).

Google fails to explain why the Amended Complaint is deficient as compared to the current Complaint, which takes the same form. The original Complaint gave Google sufficient notice of the claims against it that Google proved able to answer, D.I. 9, produce core technical documents, D.I. 30, and submit invalidity contentions, D.I. 32. Those actions belie Google's current contention that the Amended Complaint is too vague to permit it to respond.

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.* reflects how little the *Twombly/Iqbal* standard requires. 888 F.3d 1256, 1260 (Fed. Cir. 2018). The Federal Circuit approved a complaint that succinctly "alleg[ed] that the accused products meet 'each and every element of at least one claim of the '113 [or '509] Patent, either literally or equivalently.'" *Id*. Following *Disc Disease*, this Court approved an equally brief allegation of infringement in *KOM Software Inc. v. NETAPP, Inc.*, No. 1:18-cv-00160-RGA, 2018 WL 6167978 (D. Del. Nov. 24, 2018). That complaint followed a form similar to those in Arendi's proposed amendments:

> [Defendants are] directly infringing at least [a claim] of [the Patent], as infringement is defined by 35 U.S.C. § 271(a), including through making, using . . . , selling and offering for sale methods and articles infringing one or more claims of [the Patent]. . . . Exemplary infringing instrumentalities include [NetApp software and hardware].

*Id*. at *2. Arendi's complaint includes the same allegations, identifying exemplary products with "information handling technology" that infringe specified claims. *E.g.*, D.I. 89-1, at ¶¶ 5, 18–19.

Moreover, the complaint alone need not satisfy *Twombly/Iqbal*; rather, the complaint is read in conjunction with the plaintiff's disclosure of accused products. *E.g.*, *IP Commc'n Solutions, LLC v. Viber Media (USA) Inc.*, No. 16-134-GMS, 2017 WL 1312942, at *2 (D. Del.

Apr. 5, 2017). Google complains that Arendi did not adequately identify accused products and applications in its complaint; yet, Google fails to note that Arendi served its Rule 4(a) Supplemental Disclosure of Accused Products on November 12, 2018. Ex. A.

Finally, in response to Google's concerns, Arendi proposed additions to its complaint. Ex. B. Google accepted neither Arendi's proposal nor Arendi's invitation to suggest alternative language. Ex. C. Should this Court find Arendi's amendments futile as currently drafted, Arendi would request leave to file a revised amended complaint. *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2017 WL 5196379, at *4 (D. Del. Nov. 9, 2017).

**Arendi's proposed amendments are consistent with the stipulated Scheduling Order, and Arendi made no commitment to forgo any of its proposed amendments.** Google advances curious readings of an email from Arendi's counsel (Ex. D) and a footnote of the Scheduling Order to accuse Arendi of violating a commitment to limit amendment. The email introduced a list of accused instrumentalities by stating, "The list below is provisional for what we intend to put in supplemental charts . . . ." Ex. D. It then listed claims that Arendi "intend[s] to chart." *Id.* Far from a binding commitment to limit amendment, the email emphasized the provisional character of the list. Moreover, the email referenced claim charts—not the amended complaint.

Google further misconstrues the Scheduling Order. Google writes, "Arendi agreed that it would not seek to add any previously unasserted patent claims other than those of the '993 patent that it had specifically 'identified' to Google (and Yahoo!) prior to the Stipulation." D.I. 90 at 4 (quoting D.I. 84 at 4 n.3). Yet, as just noted, the email did not identify claims for the amendment. The Scheduling Order also says nothing about previously identified claims:

> This deadline applies only to Arendi's filing of motions for leave to amend its Complaints (1) to identify the correct corporate defendants . . . ; and (2) to assert new patents and claims against Yahoo! and Google. . . . Other than these identified amendments . . . , Arendi has agreed to seek no further amendment . . . .

D.I. 84 at 4 n.3. The "identified amendments" are the two classes of amendments enumerated: the correction of corporate parties and "new patents and claims against Yahoo! and Google." Nowhere is Arendi limited to asserting specified patents or claims.

**Arendi's proposed amendments are consistent with the Joint Stipulation to Stay.** Nothing in the Joint Stipulation prohibits Arendi's amendment; nor, despite Google's contentions, would amendment "defeat the entire purpose of the stay." D.I. 90 at 5. Even after amendment, the stay will have "simplif[ied] the issues for trial." D.I. 35 at 5. The parties will not litigate the validity of patent claims previously asserted against Google and reviewed by the PTAB. *See* D.I. 35 at 4. Moreover, the PTAB's invalidation of several of Arendi's patent claims has eliminated certain infringement claims that Arendi may assert (and must prove) against Google.

Contrary to Google's suggestion, the Stipulation envisions the possibility of additional infringement claims: Google agreed only to be bound by final PTAB decisions concerning "claims asserted against [it] in [Arendi's] Disclosures Pursuant to the Delaware Default Standard on Discovery Rule 4(c)." D.I. 35 at 4. That limitation would have been unnecessary were Arendi unable to revise the scope of its suit. Likewise, the Stipulation did not envision that all invalidity contentions would terminate with the stay; Google remained free to challenge claims' validity under certain circumstances. *E.g.*, D.I. 35 at 4, 6. Thus, Arendi's addition of claims does not alter the dimensions of the suit. Arendi respectfully requests that the Court grant it leave to amend.

Respectfully,

*/s/ Eve H. Ormerod*

Eve H. Ormerod (No. 5369)

Enclosures
cc: Clerk of Court (via CM/ECF)
All Counsel of Record (via CM/ECF)