# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-919-JLH |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## GOOGLE'S PROPOSED FINAL JURY INSTRUCTION 5.7

**Google's Proposal:**

**5.7 LICENSE OR RELEASE DEFENSE—THE SAMSUNG AGREEMENT**[1]

As you have heard during trial, Samsung and Arendi entered into a Settlement and Patent License Agreement, referred to as the "Samsung Agreement" or the "Agreement," which is an exhibit in evidence at PX0077. Google asserts that the Samsung Agreement covers downloads of the accused Google apps onto Samsung devices. Arendi asserts that it does not. If Google is correct, then Google cannot be liable for any Google apps downloaded onto Samsung devices, and Arendi may not recover damages for those apps.

If you reach the issue of damages, it is up to you to decide whether or not the Samsung Agreement reduces any of Arendi's damages as to Google for the '843 Patent.

In particular, you should determine:

- Whether Google apps on Samsung devices with Google's Android operating system are "Licensed Product(s)" under Section 1.6 of the Agreement; and
- Whether Google is a "supplier" covered under Section 3.1 of the Agreement.

If the answer to one or both of these questions is "Yes," then the Samsung Agreement covers Google apps downloaded onto Samsung devices.

To make this determination, you must interpret the Agreement to decide what Arendi and Samsung intended. The best evidence of what Arendi and Samsung intended is the words they

---

[1] Though Google does not believe that this issue should be submitted to the jury and should instead be resolved by the Court because the Samsung Agreement is unambiguous in Google's favor, Google proposes this instruction in view of the Court's finding that Sections 1.6 and 3.1 of the Agreement are ambiguous, even in view of the Agreement's integration clause § 8.3, and should be submitted to the jury for interpretation. *See* 5/1/23 Trial Tr.

1

used in the Agreement.[2]  The language of the Agreements should not be read in isolation but read as a whole to give meaning and effect to every term.[3]

In interpreting the Agreement's provisions, you may consider extrinsic evidence, which is evidence outside the contract regarding Arendi's and Samsung's intent, such as testimony presented at trial.  But extrinsic evidence cannot be used to contradict the ordinary meaning of the contract's terms.[4]  In cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it and favorably to a party who had no voice in the selection of its language.[5]

If you determine that the Samsung Agreement covers accused Google apps downloaded on Samsung devices, then you should not award any damages for those apps.

---

[2] N.Y. Pattern Jury Instr.--Civil 4:1, available on Westlaw (commentary) ("[A] fundamental tenet of contract law is that agreements are construed in accordance with the intent of the parties and the best evidence of the parties' intent is what they express in their written contract"); *see Tomhannock, LLC v. Roustabout Resources, LLC*, 128 N.E.3d 674, 675 (N.Y. 2019); *Marin v. Constitution Realty, LLC*, 71 N.E.3d 530 (2017).

[3] N.Y. Pattern Jury Instr.--Civil 4:1, available on Westlaw (commentary) ("[W]ords should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties manifested thereby."); *see Paramax Corp. v. VoIP Supply, LLC*, 107 NYS3d 231 (4th Dept 2019).

[4] N.Y. Pattern Jury Instr.--Civil 4:1, available on Westlaw (commentary) ("Extrinsic evidence that is admissible to explain an ambiguous portion of a contract cannot be used to contradict the unambiguous contract provisions."); *see P&B Capital Grp., LLC v RAB Performance Recoveries, LLC,* 9 NYS3d 515 (4th Dept 2015).

[5] N.Y. Pattern Jury Instr.--Civil 4:1, available on Westlaw (commentary) ("In cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it and favorably to a party who had no voice in the selection of its language" (collecting cases); *see, e.g.*, *67 Wall St. Co. v Franklin Nat. Bank*, N.E.2d 184 (1975); *Lai Ling Cheng v. Modansky Leasing Co.*, 539 N.E.2d 570 (1989); *Onekey, LLC v Byron Place Assocs., LLC*, 160 NYS3d 301 (2d Dept 2021); *Pedersen v Royce,* 831 NYS2d 607 (3d Dept 2007).