# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-919-JLH |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF HANNAH L. CANNOM IN SUPPORT OF
## NON-PARTY APPLE INC.'S MOTION FOR SANCTIONS

I, Hannah L. Cannom, declare as follows:

1. I am over the age of 18, a member in good standing of the bar of the State of California, and a partner at Walker Stevens Cannom LLP. I make this declaration in support of the Motion of Non-Party Apple Inc. for Sanctions. My knowledge of these matters stated within this declaration is either personal or has been developed and confirmed through discussions with other Apple employees. If compelled to testify as a witness, I would testify competently to the facts set forth herein.

2. On April 4, 2023, Plaintiff indicated to Apple that it intended to use the Apple Agreement at trial in this case, but that "the courtroom will be sealed during discussion of its terms other than the total payment amount." I promptly responded on behalf of Apple and proposed solutions that allowed Plaintiff to not seal the courtroom while also protecting Apple's confidential information, including the amount of consideration Apple paid to Plaintiff in the Apple Agreement.

3. After several calls, I was unable to reach a resolution with Plaintiff's counsel. I therefore informed Plaintiff's counsel that if Plaintiff intended to disclose the terms of the Apple Agreement in open court, I would raise it with the Court on the first day of trial.

4.     I attended all of trial to monitor the use of Apple's confidential information at trial. On behalf of Apple, at no point did I ever agree to de-designate or downgrade the confidentiality designation on the Apple Agreement, nor did Apple ever consent to publicly disclosing the monetary terms of the Apple Agreement.

5.     As a non-party to this litigation, I was outside of the courtroom when sealed information was presented to the jury. I returned to the courtroom when it was unsealed shortly before Mr. Weinstein disclosed Apple's confidential information in open court. As such, I did not have the ability to anticipate that Plaintiff and Mr. Weinstein would publicly disclose Apple confidential information.

6.     During the break shortly after Mr. Weinstein disclosed this information, I approached Mr. Ard and Ms. Srinivasan to discuss the corrective measures they would take because of the improper disclosure of Apple confidential information in the unsealed courtroom. Mr. Ard interrupted me and told me he would "deal with this later."

I declare under penalty of perjury under the laws of the United States of America and the State of Delaware that the foregoing is true and correct.

Executed this 3rd day of May, 2023 in Los Angeles, California.

_____
Hannah L. Cannom