**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARENDI S.A.R.L.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | C.A. No. 13-919-JLH<br><br>**REDACTED VERSION** |

**NON-PARTIES SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
ELECTRONICS AMERICA, INC.'S RENEWED
UNOPPOSED MOTION TO SEAL PORTIONS OF
THE TRIAL TRANSCRIPTS AND EXHIBITS**

Non-parties Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), by and through their attorneys, hereby renews their motion to seal limited portions of the trial transcript and certain exhibits containing Samsung's highly confidential business information relating to its settlement and licensing agreements. In accordance with the Court's August 28, 2023, Oral Order (D.I. 602), Samsung has made diligent efforts to reduce the number of redactions it is requesting to relate only those portions of the transcripts that contain truly confidential information and/or trade secrets disclosed while the courtroom was sealed. Pursuant to D. Del. L.R. 7.1.1, Samsung has conferred with Arendi S.A.R.L. ("Arendi")[1] and Google LLC ("Google") to determine whether they oppose this request

---

[1] Although Arendi does not oppose Samsung's request to seal portions of the transcripts and the exhibit identified in this motion, Arendi indicated that its non-opposition should not be interpreted as agreement that such information is properly subject to sealing.

to seal, and both parties have indicated that they do not oppose. Samsung's proposed redactions are set forth in the attached sealed Exhibits.[2]

## I.    FACTUAL BACKGROUND

At a jury trial from April 24, 2023, to May 2, 2023, this Court elicited testimony and admitted an exhibit related to Samsung's settlement and licensing agreement with Arendi. During the trial, the Court heard testimony related to a Settlement and Patent License Agreement between Samsung and Arendi (the "Samsung-Arendi Agreement"), admitted into evidence as PX-77 (also referenced at trial as DTX-283). For example, the damages experts for both Arendi and Google discussed the Samsung-Arendi Agreement, including confidential terms such as the amount paid by Samsung in the agreement. *See* Apr. 26 Tr., *infra* Section III(2); May 1 Tr., *infra* Section III(3). Attorneys for the parties also engaged in discussions of the Samsung-Arendi Agreement and its terms in arguments to the Court. *See e.g.*, Apr. 24 Tr., *infra* Section III(1).

On June 8, 2023, Samsung filed a notice of intent to redact and/or seal limited portions of the trial transcripts. D.I. 564. On June 20, 2023, Samsung filed a stipulation and proposed order by which Arendi and Google agreed to allow Samsung's outside counsel access to portions of the trial transcript with third-party confidential information unrelated to Samsung or its agreements with Arendi redacted. D.I. 572. The Court ordered that stipulation on June 22, 2023. D.I. 573. Samsung received the redacted transcripts from Arendi's counsel on July 28, 2023, and the Samsung-Arendi Agreement (Exhibit PX-77 (also referenced at trial as DTX-283)) on July 31, 2023.

---

[2] As Samsung received trial transcripts that have been previously redacted for confidential information related to third parties (D.I. 572), its proposed redactions are shown as highlighted, rather than redacted.

On August 14, 2023, Samsung filed its Motion to Seal Portions of Trial Transcripts and Exhibits (the "Motion"). D.I. 598. On August 28, 2023, the Court denied Samsung's Motion without prejudice to renew. D.I. 602.

Samsung notes that non-parties Apple, Inc. ("Apple") and Microsoft Corp. ("Microsoft") filed motions to seal similar portions of the trial transcripts and exhibits on May 3, 2023, and July 21, 2023, respectively. D.I. 537, 587. Apple's motion was granted on June 6, 2023, while Microsoft's motion was granted on July 24, 2023. D.I. 562, 591.

## II.  LEGAL STANDARD

There is "a 'strong presumption' that the public and the media [are] entitled to access" judicial records. *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986). That presumption, however, is "not absolute," and may be rebutted if a party can show "that the interest in secrecy outweighs the presumption." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am.*, 800 F.2d at 344). A party seeking to seal portions of a judicial record "must articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[ ] an opportunity for interested third parties to be heard.'" *Id.* at 672-73 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). The Third Circuit has found that "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994).

Discussions of settlement and licensing agreements in judicial records are commonly found to rebut the presumption of access and are thus protected from disclosure by the courts. *See Amgen Inc. v. Amneal Pharms. LLC*, No. 16-853-MSG, 2021 WL 4133516, at *6 (D. Del. Sept. 10, 2021) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)) (stating that

3

the "disclosure of…settlement agreements is not necessary to provide the public with a 'complete understanding of the judicial system and a better perception of its fairness.'"); *Kaleo, Inc. v. Adamis Pharms. Corp.*, No. 19-917-RGA, 2019 WL 11680196, at *2 (D. Del. July 16, 2019) (finding good cause to seal "details of, discussion of, and/or reference surrounding licensing negotiations."); *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) (finding it appropriate to seal details such as "the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology.")

### III. INFORMATION TO BE SEALED

Samsung respectfully requests that limited portions of the trial transcripts and Exhibit PX-77 (also referenced at trial as DTX-283) be sealed, consistent with the Rules and the law of this Court and the Third Circuit. With regard to the non-redacted parts of the transcripts to which it received access,[3] Samsung requests sealing of the confidential information located on the following pages and lines:

1) April 24 Transcript (Ex. A):
    a. Pg. 159, l. 15
    b. Pg. 160, ll. 8, 12-13, 15-17,
    c. Pg. 161, ll. 8-10
    d. Pg. 233, ll. 3-5, 7, 10-13, 22
    e. Pg. 234, ll. 1, 2, 19, 20, 25
    f. Pg. 235, ll. 1, 3-7, 25
    g. Pg. 236, ll. 1, 3-9,13-15,17-22
    h. Pg. 237, ll. 2, 3, 5, 6, 11, 12, 18, 20-22
    i. Pg. 238, ll. 3-5, 6, 8, 9, 15-16, 22-25
    j. Pg. 239, ll. 1-6, 9-10
    k. Pg. 247, ll. 22-25
    l. Pg. 248, ll. 1-2, 15-21
    m. Corresponding portions of the index related to these redactions

---

[3] Samsung has received versions of trial transcripts that contained third-party redactions from Arendi's counsel, in accordance with the Court's order. D.I. 573. To the extent that those transcripts differ from the sealed transcripts filed as D.I. 577-585, Samsung requests that the confidential information highlighted in Exs. A-C control.

2) April 26 Transcript (Ex. B):
    a. Pg. 578, ll. 24
    b. Pg. 581, ll. 19-22
    c. Pg. 592, ll. 22, 24-25
    d. Pg. 593, ll. 3-4
    e. Pg. 627, l. 11-12
    f. Pg. 628, l. 2, 5
    g. Corresponding portions of the index related to these redactions

3) May 1 Transcript (Ex. C):
    a. Pg. 1291, l. 6
    b. Pg. 1295, l. 9
    c. Pg. 1297, ll. 18-19
    d. Pg. 1299, ll. 17-18
    e. Pg. 1300, ll. 12, 21
    f. Pg. 1301, l. 11
    g. Corresponding portions of the index related to these redactions

4) Exhibits PX-77 (also referenced at trial as DTX-283) (Samsung-Arendi Settlement and Patent License Agreement) (Ex. D) in its entirety

IV. **ARGUMENT**

The confidential information that Samsung seeks to seal relates to the Samsung-Arendi Agreement, which was introduced at trial as Exhibit PX-77 (also referenced at trial as DTX-283). The redactions that Samsung requests all relate to discussions of the terms and/or details of the Samsung-Arendi Agreement and are narrowly tailored to redact confidential information related to that agreement.

As explained in the Declaration of Cheolwoo Ahn (the "Ahn Decl.") (D.I. 599), previously filed, the Samsung-Arendi Agreement contains highly confidential information related to Samsung's settlement and licensing activities, including financial terms and other competitive materials. Ahn Decl. ¶ 6. Samsung expends significant resources to maintain the security and confidentiality of documents such as the Samsung-Arendi Agreement. *Id.* ¶ 7. The disclosure of information from such documents would cause Samsung serious harm, in that litigants and/or licensors would become aware of the terms on which it has licensed patents and

5

settled litigation, thereby undermining Samsung's ability to negotiate commercially favorable agreements in the future. *Id.* ¶ 8.

The Third Circuit and courts in this District have consistently recognized the need to seal confidential information such as the "details of, discussion of, and/or reference surrounding licensing negotiations." *Kaleo, Inc. v. Adamis Pharms. Corp.*, No. 19-917-RGA, 2019 WL 11680196, at *2 (D. Del. July 16, 2019). Indeed, where non-parties are involved, this District has given greater weight to their risk of injury in the absence of a protective order, because they did not choose to litigate and risk disclosure. *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 160 n.7 (D. Del. 1999). As explained above, Samsung faces serious, irreversible harm if the details of its licensing and settlement agreement with Arendi are made public. And as a non-party, Samsung had no choice in disclosing its confidential information. As a result, the Samsung-Arendi Agreement and related discussions in the trial transcripts fall squarely within the scope of information that should be sealed because "the interest in secrecy outweighs the presumption." *In re Avandia Mktg.*, 924 F.3d at 672 (quoting *Bank of Am.*, 800 F.2d at 344).

## V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court seal its confidential information related to Samsung's settlement and license agreement with Arendi, as identified in Section III(1)-(4) above.

| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| R. Paul Zeineddin<br>**BLANK ROME LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>(202) 420-2200<br>paul.zeineddin@blankrome.com | /s/*Adam W. Poff*_____<br>Adam W. Poff (No. 3990)<br>Samantha G. Wilson (No. 5816)<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for Non-Parties Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.* |