IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 13-919-JLH |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Arendi S.A.R.L.'s ("Arendi's") Renewed Motions for Judgment as a Matter of Law and Motion for a New Trial. (D.I. 559.) For the reasons set forth below, the Motions are DENIED.

Plaintiff Arendi filed this patent infringement action against Defendant Google LLC ("Google") on May 22, 2013. (D.I. 1.) The Honorable Leonard P. Stark presided over the proceedings from 2013 until 2022, when he was appointed to the Court of Appeals for the Federal Circuit. Shortly thereafter, the parties consented to have the case heard by a U.S. Magistrate Judge, and, on April 26, 2022, the case was reassigned to me (then a Magistrate Judge).[1] When I got the case, it was nearly ready for trial: Judge Stark had already construed the claims (D.I. 143, 144), ruled on Defendant's affirmative defense of patent invalidity under 35 U.S.C. § 101 (D.I. 200, 201), and decided the parties' numerous summary judgment and Daubert motions (D.I. 389, 390, 391, 392, 393, 394).

By the time of trial, there was only one claim left in the case to be tried: Arendi's claim

---

[1] I was appointed as a District Judge in January 2024.

that Google had infringed U.S. Patent No. 7,917,843 (the "'843 patent") (which, by that point, had expired). (D.I. 97 (Amended Complaint, Count I).) Google contested the issue of infringement, and it also asserted affirmative defenses of patent invalidity and license. (D.I. 99 (Answer to Amended Complaint).) Notably, Google did not request a declaratory judgment of invalidity.

The case was tried to a jury beginning on April 24, 2023. Both sides made motions for judgment as a matter of law before the case was submitted to the jury. The Court did not grant any of those motions and instead submitted the case to the jury. Both sides agreed that the jury should be asked to make individual written findings on the issues of infringement, anticipation, and obviousness (among other issues). (D.I. 499, 500, 505.) In accordance with the parties' agreement, the Court instructed the jury to make individual written findings on the issues of infringement, anticipation, and obviousness (among other issues). (D.I. 528 (Final Jury Instructions), 529 (Final Verdict Form).) The jury made the following findings: (1) that Arendi had not proven by a preponderance of the evidence that Google infringed claims 23 or 30 of the '843 patent; (2) that Google had proven by clear and convincing evidence that those claims were invalid as anticipated; and (3) that Google had proven by clear and convincing evidence that those claims were obvious in view of prior art.

On May 10, 2023, the Court entered a document styled "Judgment Following Verdict," which stated, in pertinent part:

> The jury having deliberated on Plaintiff Arendi S.A.R.L.'s claims of willful patent infringement of claims 23 and 30 of U.S. Patent No. 7,917,843 (the "'843 patent"), and the jury having reached a verdict on May 2, 2023 finding that Defendant Google LLC's accused products do not infringe the asserted claims, judgment of non-infringement on all asserted claims is entered in favor of Defendant and against Plaintiff. The jury having further deliberated on Defendant Google LLC's affirmative defense of anticipation of claims 23 and 30 of the '843 patent, and the jury having reached a verdict finding that those claims are anticipated,

2

> and the jury also having deliberated on Defendant's affirmative defense of obviousness of claims 23 and 30 of the '843 patent, and the jury having reached a verdict finding that those claims are obvious, judgment is entered in favor of Defendant and against Plaintiff on Defendant's invalidity defenses.
>
> This judgment shall have the effect of denying as moot all other pending motions made by the parties pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The judgment is subject to modification following the Court's consideration of the parties' post-trial motions.

(D.I. 545.)

On June 2, 2023, Arendi filed the pending "Renewed Motions for Judgment as a Matter of Law and Motion for a New Trial." (D.I. 559.) In its papers, Arendi asks for the following relief:

> Pursuant to Federal Rule of Civil Procedure 50(b) Plaintiff Arendi S.A.R.L. renews its motions for judgment as a matter of law of i) no anticipation as to Claims 23 and 30 of U.S. Patent 7,917,843; ii) non-obviousness as to Claims 23 and 30 of U.S. Patent 7,917,843; and iii) estoppel of the following grounds, under 35 U.S.C. § 315(e): CyberDesk (as to anticipation), CyberDesk and Word (as an obviousness combination).
>
> Arendi S.A.R.L. moves, in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1).

(D.I. 559.) In other words, Arendi currently challenges the legal and evidentiary sufficiency of Google's affirmative defenses, but Arendi did not file a post-trial motion challenging the jury's finding that it failed to prove by a preponderance of the evidence that Google infringed.

Again, there is only one claim at issue: Arendi's claim for infringement of the '843 patent. Because Arendi is not challenging the jury's verdict that it failed to prove infringement, the Court must enter judgment on that claim in favor of Google—regardless of what the Court thinks about the merits of Arendi's arguments about Google's affirmative defenses. Accordingly, the Court will enter final judgment in favor of Google on that claim.

Arendi asks the Court to "clarify" in the judgment document "that the judgment is based

3

on the jury's non-infringement verdict at trial." (D.I. 610.[2]) The Court declines to do so. There is one claim left in this case and the final judgment will indicate that judgment on that claim should be entered in favor of Google, for the reasons set forth above. It is unclear if Arendi's request represents an attempt to limit what issues the parties can or must raise on appeal (against or in support of the judgment); nothing in this order is intended to preclude either side from making whatever arguments on appeal that they are permitted to make under the law—or that they are required to make in order to preserve their arguments.

Google argues that the Court can and should consider—and reject—Arendi's arguments that the jury got it wrong on anticipation and obviousness. I agree with Google that the Court has discretion to consider the arguments in Arendi's post-trial motions. But because Google did not seek a declaratory judgment of invalidity, the Court also has discretion to not consider Arendi's arguments.[3] And under the circumstances of this case, the Court will exercise its discretion to not do so, as it would be a waste of judicial resources. Because Arendi did not file a post-trial motion challenging the jury's finding that it failed to prove infringement of the '843 patent, its success on appeal appears to depend on whether it can convince the Federal Circuit that Judge Stark's claim construction was erroneous. If the Federal Circuit agrees with Judge Stark's claim construction, the judgment in favor of Google will stand regardless of how this Court rules on Arendi's post-trial motions on invalidity. If the Federal Circuit disagrees with aspects of the claim construction, any ruling I would have made with respect to Arendi's post-trial validity motions would have been

---

[2] The Court asked the parties for supplemental briefing regarding how it should proceed in view of Arendi's failure to challenge the jury's non-infringement finding in a post-trial motion. (D.I. 608, 609, 610, 611, 614.)

[3] *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93–94 (1993) ("An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment.").

based on an erroneous claim construction.[4]

For these reasons, Arendi's Renewed Motions for Judgment as a Matter of Law and Motion for a New Trial (D.I. 559) are DENIED. The Court will enter final judgment in favor of Google on Arendi's claim of infringement of the '843 patent.

Date: February 2, 2024

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[4] It is true, as Google points out, that a district court deciding a case on alternative grounds may help a higher court. And I agree with Google that it is possible that any claim construction errors that might be identified by the Federal Circuit might not call into question the jury's invalidity verdict. Under the unique circumstances of this case, however, there is no reason for the Court to expend judicial resources writing an opinion to address the alternative grounds of invalidity, where that opinion is either going to be (i) unhelpful because it's unnecessary or (ii) uses the wrong claim construction and thus unlikely to be all that helpful to an appellate court that is going to review the invalidity issues *de novo*. Again, this order is not intended to limit what issues the parties can (or must) raise on appeal against or in support of the judgment.

As Google points out, the Supreme Court has remarked on the public interest that is served by courts "inquiring fully" into patent validity, *Sinclair & Carroll Co. v. Interchemical Corp.,* 325 U.S. 327, 330 (1945), because preclusion doctrines can prevent a patentee who lost on the issue of validity from reasserting that patent against the defendant and others. *See, e.g., Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971). But Google has not suggested that concerns about issue preclusion weigh in favor of the Court assessing the merits of Arendi's post-trial validity motions. Perhaps that is because the doctrine of issue preclusion generally requires that the issue (*i.e.*, patent validity) be essential to the judgment, and it is not here, for the reasons explained above. What's more, the '843 patent is now expired and thus will not be asserted against Google in a future case.