NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**ARENDI S.A.R.L.,**
*Plaintiff-Appellant*

**v.**

**OATH HOLDINGS INC., OATH INC.,**
*Defendants-Appellees*

———————————————

2022-1762

———————————————

Appeal from the United States District Court for the District of Delaware in No. 1:13-cv-00920-VAC-JLH, Judge Leonard P. Stark.

-------------------------------------------------

**ARENDI S.A.R.L.,**
*Plaintiff-Appellant*

**APPLE INC.,**
*Third-Party Defendant*

**v.**

**GOOGLE LLC,**
*Defendant-Appellee*

———————————————

2023-2029

———————————————

2                     ARENDI S.A.R.L. v. OATH HOLDINGS INC.

Appeal from the United States District Court for the District of Delaware in No. 1:13-cv-00919-JLH, Magistrate Judge Jennifer L. Hall.

---

**SUA SPONTE**

---

Before DYK, LINN, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

This order concerns Case No. 2023-2029, Arendi S.A.R.L. v. Google LLC, and not Case No. 2022-1762, Arendi S.A.R.L. v. Oath Holdings Inc.

Plaintiff-Appellant Arendi S.A.R.L. ("Arendi") filed a claim for infringement of U.S. Patent No. 7,917,843 ("'843 patent") (as well as other patents) against Defendant-Appellee Google LLC ("Google") in the District of Delaware. With respect to the '843 patent, Google, inter alia, asserted non-infringement and the affirmative defenses of invalidity based on anticipation under 35 U.S.C. § 102 and obviousness under 35 U.S.C. § 103. [J.A. 10305.] Following trial, the jury returned a special verdict, finding (1) Google did not infringe the '843 patent, (2) the '843 patent was invalid as anticipated under 35 U.S.C. § 102, and (3) the '843 patent was invalid as obvious under 35 U.S.C. § 103. After trial, the district court entered a Judgment Following Verdict, stating:

> The jury having deliberated on Plaintiff Arendi S.A.R.L.'s claims of willful patent infringement of claims 23 and 30 of U.S. Patent No. 7,917,843 (the "'843 patent"), and the jury having reached a verdict on May 2, 2023 finding that Defendant Google LLC's accused products do not infringe the asserted claims, judgment of non-infringement on all asserted claims is entered in favor of Defendant and against Plaintiff. The jury having further deliberated on Defendant Google LLC's affirmative

defense of anticipation of claims 23 and 30 of the '843 patent, and the jury having reached a verdict finding that those claims are anticipated, and the jury also having deliberated on Defendant's affirmative defense of obviousness of claims 23 and 30 of the '843 patent, and the jury having reached a verdict finding that those claims are obvious, judgment is entered in favor of Defendant and against Plaintiff on Defendant's invalidity defenses.

J.A. 10221.[1]

Following the verdict, Arendi moved for judgment as a matter of law and new trial on the anticipation and obviousness grounds. After briefing on these motions, the district court entered an order stating, "the Court desires the parties' views on whether the Court can (or should or must) decline to address the merits of Plaintiff's validity arguments and instead enter an Amended Judgment that says (in substance) that 'Judgment is entered in favor of Defendant.'" J.A. 108. Following responses from the parties, the district court denied Arendi's posttrial motions and declined to "'clarify' in the judgment document 'that the judgment is based on the jury's non-infringement verdict at trial.'" J.A. 98–99 (quoting J.A. 10255).

The district court stated: "Arendi's Renewed Motions for Judgment as a Matter of Law and Motion for a New Trial (D.I. 559) are DENIED. The Court will enter final judgment in favor of Google on Arendi's claim of infringement of the '843 patent." J.A. 100.

The district court then entered a Final Judgment, stating, "Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's claim of patent infringement of U.S. Patent No. 7,917,843." J.A. 1.

---

[1] Citations to the J.A. refer to the Corrected Confidential Joint Appendix filed by the parties in this case. Dkt. No. 64.

4                                    ARENDI S.A.R.L. v. OATH HOLDINGS INC.

This court concludes that the record is unclear as to whether the final judgment represents a judgment of invalidity as well as a judgment of noninfringement.

IT IS ORDERED THAT:

(1) Within five business days of the entry of this order, the parties are directed to seek clarification of the disposition of the jury verdict of invalidity and the nature of the judgment from the district court and entry of an amended final judgment.

(2) Specifically, the parties are directed to seek an amended final judgment that clarifies whether the judgment rests solely on noninfringement or also incorporates the jury's invalidity verdict, particularly in light of the denial of the posttrial motions.

(3) This case is remanded to the district court for the limited purposes described above. This court otherwise retains jurisdiction over the appeal.

(4) Upon entry of amended final judgment from the district court, either party may file a new notice of appeal.

(5) The appeal will be decided by the present panel, based on the briefs already filed, any new briefing ordered by the court, and the oral arguments heard on November 6, 2025.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

November 13, 2025
Date