UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHAMBERS OF
JENNIFER L. HALL
U.S. DISTRICT JUDGE

UNIT 17
844 NORTH KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 252-2577

January 14, 2026

**VIA CM/ECF**

Neal C. Belgam
Daniel Taylor
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, DE 19801

Seth Ard
Max Straus
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019

John Lahad
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002

Kalpana Srinivasan
Susman Godfrey LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Kemper Diehl
Susman Godfrey LLP
401 Union Street, Suite 3000
Seattle, WA 98101

David E. Moore
Bindu A. Palapura
Andrew L. Brown
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

Robert W. Unikel
John Cotiguala
Matt Lind
Paul Hastings LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606

Robert R. Laurenzi
Chad J. Peterman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

Ginger D. Anders
Munger, Tolles & Olson LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001

Vincent Y. Ling
Munger, Tolles & Olson LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071

Re: *Arendi S.A.R.L. v. Google LLC* (C.A. No. 13-919-JLH)

Dear Counsel:

      I write to respond to the parties' November 19, 2025 joint letter to the Court. (D.I. 623.) The letter explains that the United States Court of Appeals for the Federal Circuit issued an order on November 13, 2025 (D.I. 622), which directed the parties to seek clarification from me regarding the Final Judgment I entered in this case (D.I. 616). That order states, in pertinent part:

> This court concludes that the record is unclear as to whether the final judgment represents a judgment of invalidity as well as a judgment of noninfringement.
>
> IT IS ORDERED THAT:
>
> (1) Within five business days of the entry of this order, the parties are directed to seek clarification of the disposition of the jury verdict of invalidity and the nature of the judgment from the district court and entry of an amended final judgment.
>
> (2) Specifically, the parties are directed to seek an amended final judgment that clarifies whether the judgment rests solely on noninfringement or also incorporates the jury's invalidity verdict, particularly in light of the denial of the posttrial motions.
>
> (3) This case is remanded to the district court for the limited purposes described above. This court otherwise retains jurisdiction over the appeal.

(D.I. 622 at 4.) The parties' letter says that the parties dispute whether additional briefing to this Court is necessary. (D.I. 623.) I have determined that additional briefing is unnecessary.

      I will enter an Amended Final Judgment. The Amended Final Judgment is consistent with my Memorandum Order dated February 2, 2024 (D.I. 615) and the Final Judgment (D.I. 616).

      As explained in my February 2, 2024 Memorandum Order, by the time of trial, there was only one claim left in the case to be tried: Arendi's claim that Google had infringed the '843 patent. Google asserted the invalidity of the '843 patent as an affirmative defense. But Google did not assert a claim for a declaratory judgment. In other words, Google did not ask me to issue a judgment declaring the '843 patent invalid or not infringed. Still, consistent with the parties' request and my normal practice—and as permitted by Federal Rule of Civil Procedure 49(b)—the jury was asked to make separate factual findings on the subsidiary issues of infringement, anticipation, and obviousness of each of the asserted claims (among other issues).[1] The jury made

---

[1] While not required by the Federal Rules, obtaining findings from the jury on subsidiary factual issues is often helpful to the district court and the appellate court when reviewing the

these findings: (1) that Arendi had not proven by a preponderance of the evidence that Google infringed claims 23 or 30 of the '843 patent; (2) that Google had proven by clear and convincing evidence that both claims were invalid as anticipated; and (3) that Google had proven by clear and convincing evidence that both claims were obvious in view of the prior art.  The jury's verdict was read in open court and entered into the record.  (D.I. 585 at 1642–45 (trial transcript); D.I. 531 (verdict).)

Arendi then filed a post-trial motion for judgment as a matter of law.  If Arendi's post-trial motion had argued that there was insufficient evidence to support each and every one of the jury's subsidiary findings, it would have been prudent for me to consider Arendi's validity arguments in a written opinion.[2]  But, as I explained in my February 2, 2024 Memorandum Order, Arendi's post-trial motion for judgment as a matter of law did not challenge the jury's subsidiary findings that Arendi failed to prove by a preponderance of the evidence that Google infringed either of the asserted patent claims.  Given that, the only possible outcome of this case was judgment of no liability on the only claim that was at issue in this case: Arendi's claim against Google.  My February 2, 2024 Memorandum Order expressly denied Arendi's post-trial motion for judgment as a matter of law.  (D.I. 615 at 1 ("[T]he Motions are DENIED."); *id.* at 5 ("Arendi's Renewed Motions for Judgment as a Matter of Law and Motion for a New Trial (D.I. 559) are DENIED.").)  And I entered judgment for Google.  (D.I. 616.)

The Federal Circuit's order requests clarification about "whether the final judgment represents a judgment of invalidity as well as a judgment of noninfringement."  The Final Judgment is neither a "judgment of noninfringement" nor a "judgment of invalidity."  Google did not request a declaratory judgment of noninfringement or a declaratory judgment of invalidity.  Again, the only claim in the case was Arendi's claim against Google.  The Court entered judgment for Google on that claim.

To be clear, I did not set aside the jury's verdict or disregard the jury's invalidity findings—the jury's verdict is part of the record.  The jury's findings on invalidity remain undisturbed by me because my February 2, 2024 Memorandum Order "DENIED" Arendi's post-trial motion for judgment as a matter of law on the issues of anticipation and obviousness.  (D.I. 615 at 5.)

It is true that my February 2, 2024 Memorandum Order did not contain a written assessment of Arendi's specific arguments regarding the sufficiency of the evidence supporting the jury's findings on invalidity.  That was because, no matter what I thought about those arguments, it would not have affected the judgment that I entered.  But the legal effect of my February 2, 2024 Memorandum Order denying Arendi's post-trial motion is the same as if I had written a lengthy opinion concluding that there was plenty of evidence supporting the jury's findings of anticipation

---

parties' post-trial motions.  Indeed, the Federal Circuit has encouraged the use of such verdicts in patent cases for precisely this reason.  *Richardson-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1484–85 (Fed. Cir. 1997).

[2] In that situation, having the jury's subsidiary factual findings would have assisted me and the appellate court in localizing any errors that might have been made.

and obviousness.  *See Flash-Control, LLC v. Intel Corp.*, No. 2021-2141, 2021 WL 2944592, at *4 (Fed. Cir. July 14, 2021) (Federal Circuit "review[s] judgments, not opinions").[3]

I believed that the "Final Judgment" document I entered contemporaneously with my Memorandum Order was in accordance with the Federal Rules and binding precedent, or at least not contrary to them.  *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 224 (3d Cir. 2007) (explaining that a judgment "(1) [] must be self-contained and separate from the opinion, (2) [] must note the relief granted, and (3) [] must omit (or at least substantially omit) the trial court's reasons for disposing of the claims").  When there has been no request for a declaratory judgment, the point of "entering judgment" is to say who won and how much.  *Local Union No. 1992 of IBEW v. Okonite Co.*, 358 F.3d 278, 284 (3d Cir. 2004) ("A judgment must, generally speaking, be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion." (cleaned up)).  I was unaware of any rule requiring a jury's findings on subsidiary issues to be set forth in the judgment document.  Indeed, my review of precedent and the applicable rules suggested that the Final Judgment should say that Google won—and, preferably, not say much more.[4]

It appears to me that the confusion expressed by the appellate court during oral argument regarding the legal effect of the Final Judgment stemmed from Arendi's assertions that I declined to rule on its post-trial motion for judgment as a matter of law and that I intended for the Final Judgment to incorporate only the jury's finding that it failed to prove infringement.  Both

---

[3] As I stated in my February 2, 2024 Memorandum Order, I did not write a lengthy opinion addressing Arendi's validity arguments because I determined it would not help the appellate court and would be a poor use of this Court's limited judicial resources.  I expected that if the Federal Circuit agreed with Judge Stark's claim construction, the result would be affirmance, as long-standing precedent says that the appellate court would not then need to address invalidity.  *See Rembrandt Soc. Media, LP v. Facebook, Inc.*, 640 F. App'x 943, 949 (Fed. Cir. 2016) ("[B]ecause Facebook asserted invalidity only as an affirmative defense and there is no separate declaration of invalidity in the judgment in the case, we need not address invalidity once we have affirmed non-infringement."); *Solomon Techs., Inc. v. Int'l Trade Com'n*, 524 F.3d 1310, 1319 (Fed. Cir. 2008) ("Where invalidity is raised as an affirmative defense, however, it is not necessary for the reviewing court to address the validity issue."); *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1344 (Fed. Cir. 2000) (declining to address invalidity after affirming finding of noninfringement because "[t]he invalidity argument was raised only as an affirmative defense" and "the district court therefore did not include in the judgment any reference to its ruling on the issue of invalidity").  And if the appellate court disagreed with the claim construction, my explication of Arendi's validity arguments would not help the appellate court because I would have used the wrong claim construction.

[4] For that reason, the Final Judgment intentionally contained no mention of the questions presented to the jury, much less how the jury found on each question.  Its reference to "Judgment . . . in favor of Defendant . . . on Plaintiff's claim of patent infringement of U.S. Patent No. 7,917,843" was intended to indicate a judgment of "no liability" on the only claim that remained in the case: Arendi's claim for infringement of the '843 patent.  I might have just said, "Judgment for Defendant," but I included the reference to the '843 patent because Arendi also asserted claims for infringement of other patents, which the previously-assigned judge had disposed of.

4

contentions are belied by the record and are wholly without merit. My February 2, 2024 Memorandum Order "DENIED" Arendi's post-trial motion for judgment as a matter of law. That same Memorandum Order expressly denied Arendi's request that I "clarify" in the judgment document "that the judgment is based on the jury's non-infringement verdict at trial." (D.I. 615 at 3–4.) I denied that request because it was legally inappropriate and because I (like Google) suspected that Arendi was attempting to circumvent the requirement that it would need to appeal and prevail on both infringement and validity to change the outcome of this case. (*Id.* at 4 ("[N]othing in this order is intended to preclude either side from making whatever arguments on appeal that they are permitted to make under the law—or that they are required to make in order to preserve their arguments.").)

In short, the situation is this: The jury found that Arendi did not prove infringement, that Google proved anticipation, and that Google proved obviousness. Arendi moved for judgment as a matter of law on the issues of anticipation and obviousness. I denied that motion in a written order. I did not set aside any of the jury's findings. I did not enter a declaratory judgment of noninfringement. I did not enter a declaratory judgment of invalidity. I entered judgment for Google of no liability.

It is usually not my place to tell the parties what they need to appeal to preserve their arguments, much less my place to opine on the legal effect of my judgments in the appellate proceedings. To the extent the Federal Circuit's recent order invites my input, it is my view that the Final Judgment I entered was a judgment of no liability supported by multiple independent grounds (noninfringement, anticipation, and obviousness).

I hope that this letter—and the Amended Final Judgment entered today in accordance with the Federal Circuit's order—clarifies the matter.

Sincerely,

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE