NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARENDI S.A.R.L.,**
*Plaintiff-Appellant*

**v.**

**OATH HOLDINGS INC., OATH INC.,**
*Defendants-Appellees*

---

2022-1762

---

Appeal from the United States District Court for the District of Delaware in No. 1:13-cv-00920-VAC-JLH, Judge Leonard P. Stark.

-------------------------------------------------

**ARENDI S.A.R.L.,**
*Plaintiff-Appellant*

**APPLE INC.,**
*Third-Party Defendant*

**v.**

**GOOGLE LLC,**
*Defendant-Appellee*

---

2023-2029, 2026-1451

_____

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-00919-JLH, Judge Jennifer L. Hall.

_____

Decided:  June 4, 2026

_____

JOHN PIERRE LAHAD, Susman Godfrey LLP, Houston, TX, argued for plaintiff-appellant.  Also represented by SETH ARD, MAX ISAAC STRAUS, New York, NY; KEMPER DIEHL, Seattle, WA; KALPANA SRINIVASAN, Los Angeles, CA.

JEFFRI A. KAMINSKI, Venable LLP, Washington, DC, argued for defendants-appellees Oath Holdings Inc., Oath Inc.  Also represented by FRANK C. CIMINO, JR., MEGAN S. WOODWORTH.

GINGER ANDERS, Munger, Tolles & Olson LLP, Washington, DC, argued for defendant-appellee Google LLC. Also represented by VINCENT LING, Los Angeles, CA; EVAN JENNINGS MANN, San Francisco, CA.

_____

Before DYK, LINN, and HUGHES, *Circuit Judges*.

LINN, *Circuit Judge*.

Arendi S.A.R.L. ("Arendi") appeals from final judgments of the United States District Court for the District of Delaware holding that Google LLC ("Google") and Oath Holdings Inc. ("Oath") do not infringe the asserted claims of U.S. Patent No. 7,917,843 (the "'843 patent") and that those claims are invalid as both anticipated and obvious over the prior art, and from the court's grant of judgment on the pleadings under Federal Rule of Civil Procedure

12(c) holding that the asserted claims of U.S. Patents No. 7,496,854 (the "'854 patent"), No. 7,921,356 (the "'356 patent"), and No. 8,306,993 (the "'993 patent") are directed to patent-ineligible subject matter under 35 U.S.C. § 101. *See Arendi S.A.R.L. v. Google LLC*, No. 13-cv-919, Dkt. No. 616 (D. Del. Feb. 2, 2024) ("*Final Judgment*"); *Arendi S.A.R.L. v. Google LLC*, No. 13-cv-919, Dkt. No. 625 (D. Del. Jan. 14, 2026) ("*Amended Final Judgment*"); *Arendi S.A.R.L. v. Google LLC*, No. 13-cv-919, Dkt. No. 201 (D. Del. Jan. 2, 2020) ("*Rule 12(c) Order*"). Google argues as an alternative ground for affirmance that the '843 patent is also directed to patent ineligible subject matter under section 101. For the following reasons, we affirm and hold that the asserted claims of each of the four patents claim patent ineligible subject matter under section 101. Accordingly, we do not reach the other issues.

BACKGROUND

Arendi filed two related infringement suits in the District of Delaware, one against Google and one against Oath. Arendi alleged that Google infringed the '843 patent, the '854 patent, the '356 patent, and the '993 patent. Arendi alleged that Oath infringed the '843 patent, the '356 patent, and the '993 patent.

The '843, '356, and '854 patents share a common specification. The '993 patent has a similar specification and is directed to similar subject matter. The asserted patents generally concern identifying information in a document and using that information to search for related information in an external source, such as a contact database. *See* '843 patent col. 1 l. 16–col. 2 l. 40.

The parties treat claim 1 of the '843 patent, claim 93 of the '854 patent, claim 2 of the '356 patent, and claim 1 of the '993 patent as representative. Since we write for the parties, we assume familiarity with the representative claim language.

After claim construction, Google and Oath moved for judgment on the pleadings under Rule 12(c), arguing that the asserted claims were directed to patent-ineligible subject matter under 35 U.S.C. § 101. *Rule12(c) Order* at 5–6. The district court granted the motion as to the representative claims of the '854, '356, and '993 patents, but denied the motion as to the '843 patent. *Id.* at 2.

The case then proceeded on the '843 patent. Google moved for summary judgment of noninfringement as to asserted claims 23 and 30 of the '843 patent. The district court granted the motion as to Google's Linkify and Smart Linkify products because the alleged "documents" were not editable but denied the motion as to other Google products. Oath separately moved for summary judgment of noninfringement of claim 23 of the '843 patent. The district court granted Oath's motion, concluding that Arendi had not shown that Oath directly infringed the asserted computer-readable-medium claim. The district court then entered judgment in favor of Oath, and Arendi appealed.

The remaining Google claims proceeded to trial. The jury found that Arendi had not proven that Google infringed claims 23 or 30 of the '843 patent and that Google had proven by clear and convincing evidence that those claims were invalid as anticipated and obvious. *See Arendi S.A.R.L. v. Google LLC*, No. 13-cv-919, 2024 WL 406405, at *1 (D. Del. Feb. 2, 2024) ("*JMOL Order*"). Arendi moved for judgment as a matter of law on anticipation and obviousness. *Id.* at *2. The district court denied Arendi's motion, noting that because Google did not seek a declaratory judgment of invalidity, the Court "has discretion to not consider Arendi's [invalidity] arguments" and elects to exercise that discretion to avoid "a waste of judicial resources." *Id.* at *2–3. The district court then entered a judgment stating that "[j]udgment is entered in favor of Defendant and against Plaintiff on Plaintiff's claim of patent infringement of U.S. Patent No. 7,917,843." *Final Judgment* at 1. Arendi appealed.

ARENDI S.A.R.L. v. OATH HOLDINGS INC.                                    5

After oral argument, we ordered the parties to seek clarification from the district court as to whether the judgment rested on noninfringement alone or also incorporated the jury's invalidity verdict. The district court entered an amended final judgment clarifying that the jury found noninfringement, anticipation, and obviousness as to claims 23 and 30 of the '843 patent, and that "all of the jury's findings remain undisturbed and have not been set aside." *Amended Final Judgment*, at 1. Arendi timely appealed the amended judgment. We then consolidated the appeals and ordered supplemental briefing concerning Arendi's appeal from the amended judgment.

DISCUSSION

I

The parties devote substantial attention to the scope of the district court's final judgment and, relatedly, to what issues are properly before us on appeal. In particular, the parties initially disputed whether the judgment as to the '843 patent rested solely on noninfringement or also incorporated the jury's invalidity findings.

The district court's amended judgment resolves that dispute. It clarifies that, as to the '843 patent, the jury found both noninfringement and invalidity, and that "all of the jury's findings remain undisturbed and have not been set aside." *Amended Final Judgment* at 1. Thus, the judgment rests on both infringement and invalidity grounds as independent bases for judgment. Both infringement and invalidity are therefore before this court on appeal.

Google has preserved its invalidity arguments on appeal as to the '843 patent. Google argued in its initial response brief that, like the other asserted patents, the '843 patent is directed to ineligible subject matter, and it renewed that position in supplemental briefing following the amended judgment. Google Br. 36–39; Google Supp. Br. 5.

We have recognized that patent eligibility under § 101 is a ground of invalidity. *Astellas Pharma, Inc. v. Sandoz Inc.*, 117 F.4th 1371, 1378 (Fed. Cir. 2024). Where, as here, the judgment as to the '843 patent rests in part on invalidity, determining that the asserted claims are directed to patent-ineligible subject matter may be considered as an alternative ground for affirmance. *See TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1156–57 (Fed. Cir. 2004). We turn next to the issue of patent eligibility as to all four patents.

## II

## A

We begin with Arendi's challenges to the district court's analysis under *Alice/Mayo* step one. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l,* 573 U.S. 208, 217 (2014); *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 77–78 (2012). The district court held that the asserted claims of the '356, '854, and '993 patents are directed to patent-ineligible subject matter but that representative claim 1 of the '843 patent is not directed to patent-ineligible subject matter. *Rule 12(c) Order* at 7–9. The district court distinguished the '843 patent because, in its view, claim 1 captured the "purported inventive concept of beneficial coordination" between a first computer program displaying a document and a second computer program searching an external information source. *Id.* at 8.

Arendi argues that the district court erred by holding the asserted claims of the '356, '854, and '993 patents ineligible because those claims, like the '843 patent, are directed to an improvement in computer functionality. Arendi contends that the asserted claims improve computer functionality by allowing a user to retrieve information from an external source while working within a document and by reducing the number of user steps needed to initiate the search.

Google contends that all four asserted patents are directed to the same abstract idea: identifying information in a document, using that information to search for related information in an external source, and using the results of that search.

We agree with the district court that the asserted claims of the '356, '854, and '993 patents are directed to an abstract idea. *Rule12(c) Order* at 7–9. Those claims recite the same basic process: identifying information in a document, using that information to search for related information in an external source, and using the results of that search to perform some action. *See* '356 patent claim 2; '854 patent claim 93; '993 patent claim 1. Specifically, the representative claims recite "analyzing" textual information in a document, "identifying" that information as a type that can be searched, "using" that information to search a database or other information source, and "performing" an action based on the retrieved information. '356 patent claim 2; '854 patent claim 93; '993 patent claim 1. Those steps amount to collecting information, analyzing the collected information, retrieving related information, and using the result.

We have long held that claims directed to "collecting information, analyzing it, and displaying certain results of the collection and analysis" are abstract. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353–54 (Fed. Cir. 2016). We likewise "have repeatedly held claims 'directed to collection of information, comprehending the meaning of that collected information, and indication of the results, all on a generic computer network operating in its normal, expected manner' to be abstract." *Int'l Bus. Machs. Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1378 (Fed. Cir. 2022) (quoting *In re Killian*, 45 F.4th 1373, 1380 (Fed. Cir. 2022)). The asserted claims of the '356, '854, and '993 patents recite the functional results of identifying, searching, and acting on information without specifying how those results are achieved in a way that improves computer

functionality. *See Zillow*, 50 F.4th at 1378; *Elec. Power*, 830 F.3d at 1354.

Arendi's contrary arguments do not persuade us. Arendi contends that the claims improve computer functionality by making it more convenient for users to retrieve information while working in a document. But "improving a user's experience while using a computer application is not, without more, sufficient to render the claims directed to an improvement in computer functionality." *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020). The representative claims of the '356, '854, and '993 patents do not recite a specific technical solution to a technological problem but instead use generic computer functionality as a tool to carry out an abstract information-processing task. *See Elec. Power*, 830 F.3d at 1354; *Customedia Techs.*, 951 F.3d at 1365.

Moreover, we hold that the '843 patent is not meaningfully different from the '356, '854, and '993 patents for purposes of step one because it recites the same abstract process as the other asserted patents. *Compare* '843 patent claim 1*, with* '356 patent claim 2; '854 patent claim 93; '993 patent claim 1. As the district court recognized, claim 1 of the '843 patent is directed to displaying a document, analyzing information in that document, searching an external source using a second computer program, and using the result to perform an action. *Rule 12(c) Order* at 7. That is the same abstract process of collecting, analyzing, searching, and using information that underlies the '356, '854, and '993 patents. *See Elec. Power*, 830 F.3d at 1353–54; *Zillow*, 50 F.4th at 1378.

The district court's contrary conclusion rested on its characterization of the '843 patent as reciting "beneficial coordination" between a first computer program displaying a document and a second computer program searching an external information source. *Rule 12(c) Order* at 7–8. But "beneficial coordination" does not appear in the claims or

the specification. *See generally* '843 patent. Rather, the phrase originates from a prior decision of this court addressing obviousness, not patent eligibility. *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1357–62 (Fed. Cir. 2016). But even to the extent the claims implicitly require such coordination, the purported benefit merely amounts to little more than a reiteration of other claim limitations directed to the retrieval of information from a second computer program while the user is at work in a document in the first computer program and does not justify a different conclusion on eligibility. *Rule12(c) Order* at 7–8. The claims of the '843 patent call for using "computers . . . as tools to carry out an abstract idea, using their ordinary functions without specific hardware or process advances in those functions—e.g., receiving inputs, storing and retrieving, processing, outputting (including displaying), and transmitting." *See GoTV Streaming, LLC v. Netflix, Inc.*, 166 F.4th 1053, 1064 (Fed. Cir. 2026); *Elec. Power*, 830 F.3d at 1354. While a specific technique for coordinating two programs may in certain circumstances be patent eligible, here, claim 1 of the '843 patent does not describe "a concrete asserted improvement in *how"* the two computer programs work together while allowing the document to stay displayed. *See GoTV Streaming*, 166 F.4th at 1064. Thus, "beneficial coordination" itself is an abstract idea and does not make claim 1 of the '843 patent any less abstract.

Arendi's reliance on the claimed "input device" does not alter that conclusion. Arendi argues that the input device provides a technological improvement by allowing the user to initiate the search with fewer commands. But reducing the number of user steps, without more, does not render a claim non-abstract. *See Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008–12 (Fed. Cir. 2018); *Customedia Techs.*, 951 F.3d at 1365. In *Data Engine*, we distinguished claims directed to a specific notebook-tabbed interface, which were patent eligible, from claims that more

10                    ARENDI S.A.R.L. v. OATH HOLDINGS INC.

generally recited associating spreadsheets with identifiers which were not patent eligible, because the latter were not limited to a particular technical implementation. 906 F.3d at 1008–12. Here, the '843 patent does not claim any specific structure or mechanism for the input device. The specification describes an example input device as "a button 42 in a word processor" and explains that the invention may be practiced with "all types of input devices," including "a touch screen, keyboard button, icon, menu, voice command device," and others. '843 patent col. 10 ll. 9–12. This language, however, invokes generic structures rather than specific improvements in computer functionality. *See Data Engine*, 906 F.3d at 1012–13; *Customedia Techs.*, 951 F.3d at 1365. The '843 patent claims thus more closely resemble those we found patent ineligible in *Data Engine* than they do those we found patent eligible. *See Data Engine*, 906 F.3d at 1012; *see also* '843 patent claim 1.

Accordingly, we conclude that the asserted claims of the '356, '854, '993, and '843 patents are directed to an abstract idea at *Alice/Mayo* step one.

B

We next consider Arendi's challenges to the district court's analysis under *Alice/Mayo* step two. At this step, we ask whether the claims contain an "inventive concept" sufficient to "transform the nature of the claim" into a patent-eligible application. *Alice*, 573 U.S. at 217. The district court concluded that the asserted claims of the '356, '854, and '993 patents do not contain such an inventive concept. *Rule12(c) Order* at 8–9. The court did not reach step two for the '843 patent because it found those claims not directed to an abstract idea at step one. *Rule12(c) Order* at 8.

Arendi argues that the district court erred because the claim elements, individually and as an ordered combination, recite an inventive concept in the form of improved computer functionality—specifically, enabling

coordination between programs and reducing the number of user steps required to retrieve information. Arendi further contends that these same concepts apply equally to the '843 patent and render those claims patent eligible. Google responds that the asserted claims of all four patents merely implement the abstract idea of using generic computer components performing conventional functions and therefore lack any inventive concept.

We agree with the district court that the asserted claims of the '356, '854, and '993 patents do not recite an inventive concept. *Rule 12(c) Order* at 8–9. As the district court found, those claims are implemented using generic computer components performing conventional functions— analyzing information, identifying search terms, querying a data source, and using the results. *Rule 12(c) Order* at 7–9.

Arendi's purported improvements—facilitating interaction between programs and reducing user steps—simply restate the abstract idea identified at step one. "It has been clear since *Alice* that a claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018). Nor does implementing that idea on generic computer components supply an inventive concept. *See Alice*, 573 U.S. at 223. The district court therefore correctly concluded that the '356, '854, and '993 patents lack an inventive concept. *Rule 12(c) Order* at 8–9.

The same analysis applies to the '843 patent. Although the district court did not reach step two for the '843 patent, its findings regarding the nature of the claimed functions apply equally here. *Rule 12(c) Order* at 7–9. Claim 1 of the '843 patent recites the same sequence of functions identified by the district court with respect to the related patents—displaying a document, analyzing information in that document, searching an external source using a

second program, and using the results to perform an action—all implemented using conventional computer functionality. *Rule 12(c) Order* at 7; '843 patent claim 1.

Arendi's reliance on "beneficial coordination" does not supply an inventive concept. As discussed above, that is not a claim limitation, and the concept describes the same abstract idea underlying the claims. *See Rule 12(c) Order* at 7–8. It therefore cannot provide the "significantly more" required at step two. *See BSG Tech*, 899 F.3d at 1290.

Nor does the claimed "input device" alter the analysis. The district court found that the asserted claims rely on generic computer components, and the shared specification confirms that the input device may take any conventional form. *Rule 12(c) Order* at 6–9; '843 patent col. 10 ll. 9–12. The claims do not require any particular technological implementation of that device. '843 patent claim 1.

Considering the elements as an ordered combination likewise does not supply an inventive concept. The district court determined that materially similar claim elements, arranged in the same sequence of functions, did not amount to an inventive concept for the related patents. *Rule 12(c) Order* at 8–9. The '843 patent adds no claimed technical mechanism or nonconventional arrangement that would change that conclusion. *See* '843 patent col. 10 l. 38–col. 16 l. 5.

Accordingly, based on the district court's findings and the claim language before us, we conclude that the asserted claims of the '843 patent, like those of the '356, '854, and '993 patents, do not recite an inventive concept and are patent ineligible under § 101.

Because we conclude that the asserted claims of the '356, '854, '993, and '843 patents are patent ineligible under § 101, we need not reach the parties' remaining arguments regarding infringement, claim construction, anticipation, or obviousness.

CONCLUSION

We have considered Arendi's remaining arguments and find them unpersuasive. For these reasons, we affirm the district court's judgment.

**AFFIRMED**