**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ARENDI S.A.R.L., | | |
| | Plaintiff, | C.A. No. 13-919-JLH |
| v. | | |
| GOOGLE LLC, | | |
| | Defendant. | |

**DEFENDANT GOOGLE'S BILL OF COSTS**

OF COUNSEL:

Robert W. Unikel
John Cotiguala
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: (312) 449-6000

Robert R. Laurenzi
Chad J. Peterman
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000

Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Vincent Y. Ling
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100

Dated:  July 27, 2026

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 7th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant Google LLC*

## TABLE OF CONTENTS

**Page**

I.      LEGAL STANDARD.................................................................................................. 1

II.     GOOGLE IS THE PREVAILING PARTY.............................................................. 2

III.    GOOGLE IS ENTITLED TO TAXABLE COSTS.................................................. 3

        A.      Pre-Trial and Trial Transcript Costs ........................................................... 3

        B.      Deposition Transcript, Exhibit, and Video Recording Costs................................ 5

        C.      Witness Fees ................................................................................................ 11

        D.      Exemplification, Printing and Copying Costs ........................................... 15

                1.      Production Costs ................................................................................ 16

                2.      Exemplification and Copies for Trial ..................................................... 17

IV.     CONCLUSION........................................................................................................ 18

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amgen Inc. v. Sanofi, Aventisub LLC*,
C.A. No. 14-1317-RGA, 2025 WL 660818
(D. Del. Feb. 28, 2025) ...................................................................................5, 7, 8

*Apeldyn Corp. v. Sony Corp.*,
C.A. No. 11-440-SLR, 2016 WL 4064726 (D. Del. July 27, 2016)........................................17

*BroadSoft, Inc. v. CallWave Commc'ns, LLC*,
No. CV 13-711-RGA, 2019 WL 3750817 (D. Del. Aug. 8, 2019)............................................4

*Cloud Farm Assocs. v. Volkswagen Grp. of Am., Inc.*,
No. 10-502-LPS, 2018 WL 4603264 (D. Del. Sep. 25, 2018)..............................................5, 8

*Cordance Corp. v. Amazon.com, Inc.*,
855 F. Supp. 2d 244 (D. Del. 2012)...............................................................16

*Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*,
920 F.2d 587 (9th Cir. 1990) .......................................................................16

*Honeywell Int'l, Inc. v. Nokia Corp.*,
C.A. No. 04-1337-LPS, 2014 WL 2568041
(D. Del. May 30, 2014)....................................................................2, 5, 7, 16

*In re Ricoh Co. Pat. Litig.*,
661 F.3d 1361 (Fed. Cir. 2011)....................................................................16

*Intellectual Ventures I LLC v. Symantec Corp.*,
C.A. No. 10-1067-LPS, 2019 WL 1332356
(D. Del. Mar. 25, 2019)...............................................................5, 17, 18

*Lab. Skin Care, Inc. v. Limited Brands, Inc.*,
C.A. No. 06- 601-LPS, 2016 WL 1266564 (D. Del. Mar. 30, 2016) .....................................16

*Manildra Mill. Corp. v. Ogilvie Mills, Inc.*,
76 F.3d 1178 (Fed. Cir. 1996)...................................................................3

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
674 F.3d 158 (3d Cir. 2012)...................................................................16

*Reger v. The Nemours Found., Inc.*,
599 F.3d 285 (3d Cir. 2010)...................................................................2, 3

*Sanofi v. Glenmark Pharms., Inc. USA*,
    C.A. No. 14- 264-RGA, 2018 WL 6427870 (D. Del. Dec. 7, 2018) .........................................5

*Sobering Corp. v. Amgen, Inc.*,
    198 F.R.D. 422 (D. Del. 2001) .......................................................................................16

*United Access Techs. LLC v. EarthLink, Inc.*,
    C.A. No. 02-272-MPT, 2012 WL 2175786 (D. Del. June 14, 2013) .........................................3

*Walker Digit., LLC v. Google, Inc.*,
    C.A. No. 11-318-LPS, 2016 WL 1553974 (D. Del. Apr. 12, 2016).............................7, 16, 17

**STATUTES**

28 U.S.C. § 1821 ..........................................................................................................12

28 U.S.C. § 1920.................................................................................................. *passim*

28 U.S.C. § 1920(4) ......................................................................................................16

28 U.S.C. § 1921...........................................................................................................2

28 U.S.C. § 1923...........................................................................................................2

28 U.S.C. § 1924.......................................................................................................2, 19

35 U.S.C. § 101.......................................................................................................3, 4, 6

**RULES**

Fed. R. Civ. P. 54(d) ..................................................................................................2, 19

Local Rule 54.1 ........................................................................................................ *passim*

Pursuant to Federal Rule of Civil Procedure 54(d), District of Delaware Local Rule 54.1, 28 U.S.C. §§ 1920–24, and the Amended Final Judgment in this action (D.I. 625), Defendant Google LLC ("Google"), as the prevailing party following issuance of the mandate from the United States Court of Appeals for the Federal Circuit on July 13, 2026 (D.I. 628), submits this Bill of Costs, supported by the accompanying Declaration of Robert W. Unikel and Exhibits thereto.

## I.    LEGAL STANDARD

Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Under Delaware Local Rule 54.1, "[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs" and "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. §§ 1920, 1921, and 1923, and such other provisions of law as may be applicable and the remaining paragraphs of subpart (b) of this Rule." Categories of taxable costs include: (1) "fees of the clerk and marshal," § 1920(1); (2) "costs of the originals of a trial transcript, a daily transcript and a transcript of matters prior or subsequent to trial, furnished to the Court . . . when requested by the Court or prepared pursuant to stipulation," D. Del. LR 54.1(b)(2), § 1920(2); (3) "cost of patent file wrappers and prior art patents . . . at the rate charged by the Patent Office," D. Del. LR 54.1(b)(5); (4) deposition costs "where a substantial portion of the deposition is used in the resolution of a material issue in the case," D. Del. LR 54.1(b)(3); (5) "witness fees, mileage and subsistence" for "the reasonable period during which [each] witness is within the district," D. Del. LR 54.1(b)(4); and (6) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," § 1920(4).

There is a "strong presumption" in favor of awarding costs to the prevailing party. *Honeywell Int'l, Inc. v. Nokia Corp.*, C.A. No. 04-1337-LPS, 2014 WL 2568041, at *3 (D. Del. May 30, 2014 *vacated and remanded on other grounds* 615 F. App'x 688 (Fed Cir. 2015)); *see also Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). "Only if the losing

party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Reger*, 599 F.3d at 288. A denial of costs to the prevailing party is "akin to a penalty." *Id.*

## II.     GOOGLE IS THE PREVAILING PARTY

Google is the prevailing party because it obtained substantial relief—namely judgments of non-infringement and invalidity—against Plaintiff Arendi S.a.r.l. ("Arendi"). D.I. 625; D.I. 628-1 at 12; *see United Access Techs. LLC v. EarthLink, Inc.*, C.A. No. 02-272-MPT, 2012 WL 2175786, at *3 (D. Del. June 14, 2013) ("To be a prevailing party, a party must have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party."); *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("a party who has a competitor's patent declared invalid meets the definition of "prevailing party").

On July 2, 2019, Google moved for summary judgment that the asserted patents were directed to patent-ineligible subject matter under 35 U.S.C. § 101. (D.I. 123). On January 2, 2020, the Court held that all asserted patents are patent ineligible except for U.S. Patent No. 7,917,843 (the "'843 patent"). (D.I. 201). At trial, Arendi asserted only two claims of the '843 patent, and on May 2, 2023, a jury found that Google did not infringe either of those claims and that both claims were invalid as both anticipated and obvious. (D.I. 531). On January 14, 2026, the Court entered an Amended Final Judgment in favor of Google and against Arendi based on the jury's findings of no infringement, invalidity by anticipation, and invalidity by obviousness, (D.I. 625), which materially altered the legal relationship between the parties. *See United Access Techs.*, 2012 WL 2175786, at *4 ("When a finding of noninfringement occurs, the result is a judicial declaration that one is free from another's right to exclude, thereby altering the legal relationship between the parties." (internal quotations and alterations omitted)); *Manildra Mill. Corp.*, 76 F.3d at 1183 ("a

2

party who has a competitor's patent declared invalid meets the definition of 'prevailing party'"). Arendi appealed, and on June 4, 2026, the Federal Circuit (1) affirmed the Court's judgment and (2) held that the asserted claims of the '843 patent are patent ineligible under § 101 (D.I. 628-1 at 12), which further materially altered the legal relationship between the parties. *BroadSoft, Inc. v. CallWave Commc'ns, LLC*, No. CV 13-711-RGA, 2019 WL 3750817, at *2 (D. Del. Aug. 8, 2019) (a party "indisputably receive[s] relief on the merits which alters the legal relationship of the parties" if the Federal Circuit affirms invalidity based on patent ineligibility). The Federal Circuit issued its mandate on July 13, 2026. (D.I. 628.)

As a result of the Amended Final Judgment and the Federal Circuit's mandate, Google is the prevailing party and seeks to recover its costs. Google respectfully requests a total of $119,704.14 in costs taxable under 28 U.S.C. § 1920, to be assessed against Arendi. Attached hereto as Exhibit 1 is a Bill of Costs that itemizes this amount, and the accompanying Declaration of Robert W. Unikel attaches detailed invoices in support of these amounts.

## III.    GOOGLE IS ENTITLED TO TAXABLE COSTS

### A.    Pre-Trial and Trial Transcript Costs

Google seeks reimbursement totaling $22,599.90 for the transcripts of pre-trial proceedings and the seven-day jury trial conducted on April 24–27, 2023 and May 1–2, 2023. 28 U.S.C. § 1920(2) provides that a judge or clerk of court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Delaware Local Rule 54.1(b)(2) states that the transcript must be "requested by the Court" or "prepared pursuant to stipulation."

In this case, hearing transcripts and trial transcripts were necessary to understand and abide by the Court's rulings during the course of the trial and for purposes of appeal. The Court "regularly resolves discovery disputes during teleconferences, articulating the Court's reasoning

on the transcript and often without issuing any formal, written order." *Cloud Farm Assocs. v. Volkswagen Grp. of Am., Inc.*, C.A. No. 10-502-LPS, 2018 WL 4603264, at *4 (D. Del. Sept. 25, 2018). Accordingly, "[i]n order to effectively litigate a patent case in light of this procedure, it is likely necessary to have a copy of such a transcript." *Id.* This Court therefore routinely awards transcript fees as costs. *See, e.g.*, *Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 10-1067-LPS, 2019 WL 1332356, at *3 (D. Del. Mar. 25, 2019); *Sanofi v. Glenmark Pharms., Inc. USA*, C.A. No. 14- 264-RGA, 2018 WL 6427870, at *2 (D. Del. Dec. 7, 2018); *Cloud Farm*, 2018 WL 4603264, at *4–5; *Honeywell*, 2014 WL 2568041, at *7–8. Although transcripts were not explicitly requested by the Court, Judge Stark and Judge Hall issued a number of rulings and guidance on the record during hearings. *E.g.*, D.I. 134 (*Markman* hearing), 502 (pretrial conference), D.I. 199 (101 oral argument), D.I. 385 (summary judgment oral argument), D.I. 621 (post-trial hearing), D.I. 57 (motion to stay oral argument).

This Court has also approved the award of costs for daily trial transcripts in patent cases, explaining:

> The use of daily (i.e., highly expedited) transcripts during a [] trial[] is commonplace in high-stakes patent litigation . . . and (absent agreement by the parties to the contrary) almost certainly necessary, for purposes including preparing examinations and cross-examinations, understanding the Court's rulings to objections[,] . . . and aiding the presentation . . . including during closing argument.

*Intell. Ventures*, 2019 WL 1332356, at *3; *see also Sanofi*, 2018 WL 6427870, at *2; *Amgen Inc. v. Sanofi, Aventisub LLC*, C.A. No. 14-1317-RGA, 2025 WL 660818, at *3 (D. Del. Feb. 28, 2025) (taxing $21,994.31 for trial transcripts).

Moreover, the parties relied on and cited substantial portions of the trial transcripts in post-trial briefing. D.I. 560, 576, 589. *See Sanofi*, 2018 WL 6427870, at *2 (awarding costs for trial

transcripts cited in post-trial briefing). It was therefore necessary for the parties to obtain copies of the trial transcripts for purposes of trial, post-trial briefing, and appeal.

The costs are set forth in the table below and in the Declaration of Robert W. Unikel and Exhibit A thereto.

Google's Bill of Costs – Exhibit A: Transcript Fees

| Description | Invoice # | Date of Event | Cost[1] |
|---|---|---|---|
| Transcript of Argument by Telephone Conference before Chief Judge Stark | 1408 | January 25, 2021 | $52.50 |
| Transcript of Claim Construction Hearing before Chief Judge Stark | 710 | July 26, 2019 | $268.47 |
| Transcript of Oral Argument Hearing before Chief Judge Stark | 021716-40549-39729 | February 12, 2016 | $144.71 |
| Transcript of Oral Argument Hearing before Chief Judge Stark | 1623 | July 29, 2021 | $390.08 |
| Transcript of Oral Argument Hearing on Section 101 before Chief Judge Stark | 899 | December 20, 2019 | $154.28 |
| Transcript of Pretrial Conference before Judge Hall | 20230070 | April 6, 2023 | $538.65 |
| Transcripts of Jury Trial before Judge Hall | 20230087 | April 21, 2023 April 24-28, 2023 May 1-2, 2023 | $21,051.21 |
| **TOTAL** | | | $22,599.90 |

## B.    Deposition Transcript, Exhibit, and Video Recording Costs

Section 1920 permits taxation of costs relating to deposition transcripts that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Although Delaware Local Rule

---

[1] Hearing transcript costs were allocated between defendants Google and Motorola, and this allocation can be seen in the invoices attached in Exhibit A. Consistent with the Joint Stipulation and Order Regarding Infringement and Invalidity filed in *Arendi S.a.r.l. v. Motorola Mobility LLC f/k/a Motorola Mobility, Inc.*, D.I. 434 (D. Del. Apr. 5, 2023), none of Motorola's costs are included in Google's requests, and Google is only requesting Google's portions of these invoices.

54.1 permits recovery of transcript fees only when "a substantial portion of the deposition is used in the resolution of a material issue in the case," courts in this District regularly use their discretion to allow recovery of deposition costs that were necessarily obtained for use in the case (in accordance with Section 1920). *See, e.g.*, *Walker Digit., LLC v. Google, Inc.*, C.A. No. 11-318-LPS, 2016 WL 1553974, at *4 (D. Del. Apr. 12, 2016) ("[E]ven assuming the requirements of [D. Del.] LR 54.1 are not satisfied, the Court has discretion to award the requested deposition costs and will do so here."); *Honeywell*, 2014 WL 2568041, at *5 (awarding deposition costs even though the requirement of Delaware Local Rule 54.1(b)(3) was not met and stating that Delaware Local Rule 54.1 "does not eliminate a judge's obligation to interpret and apply Section 1920 to specific disputes brought before the judge"). Both the costs associated with written deposition transcripts and video deposition transcripts are recoverable. *See, e.g.*, *Walker Digit.*, 2016 WL 1553974, at *3–4.

Particularly in patent cases, courts award costs for deposition transcripts taken throughout the litigation, regardless of whether the witness testified at trial. *Amgen Inc. v. Sanofi, Aventisub LLC*, C.A. No. 14-1317-RGA, 2025 WL 660818, at *3 (D. Del. Feb. 28, 2025) ("Any judge with experience in complex high-stakes patent cases knows that both sides get transcripts of every deposition, put the transcripts into databases, analyze them, use them, and refer to them as warranted. It would put a party at a significant disadvantage not to have transcripts of every deposition."); *see also Walker Digit.*, 2016 WL 1553974, at *4 ("Deposition transcripts are used throughout a patent case for many purposes, including to identify and resolve disputes relating to discovery and to brief and argue motions (e.g., challenging the admission of expert testimony, for summary judgment, in limine, and miscellaneous issues that arise in connection with preparation of the pretrial order).").

Google seeks reimbursement of $55,886.45 associated with taxable deposition costs. This includes costs for transcripts, exhibits, and video recordings of witnesses who testified at trial (either live or by designation) and costs for transcripts of witnesses who did not testify at trial but whose testimony was otherwise necessarily obtained. Each of these transcripts, exhibits, and video recordings detailed in the chart below were necessarily obtained for use in the case and collectively were relevant to the case.

For those witnesses who testified live at trial, it was reasonably necessary for Google to obtain deposition transcripts, exhibits, and video recordings to prepare for trial, including to prepare for direct and cross-examination. For witnesses who testified by designation, it was reasonably necessary for Google to obtain transcripts, exhibits, and video recordings to determine which parts of each deposition to present to the jury, including counter designations to testimony selected by Arendi. It was also reasonably necessary for Google to obtain transcripts, exhibits, and video recordings of the remaining witnesses who did not testify at trial but whose testimony was otherwise necessarily obtained, such as for use in expert reports. *E.g.*, D.I. 222 (notice of service of Kidder damages report, which cites to testimony from Hedløy, Toki, and Choc among others); *Amgen*, 2025 WL 660818, at *3 (D. Del. Feb. 28, 2025) ("It would put a party at a significant disadvantage not to have transcripts of every deposition."); *see also Cloud Farm*, 2018 WL 4603264, at *4 ("In the Court's view, in the context of this patent infringement litigation, it was at least 'reasonably necessary' for Volkswagen to obtain transcripts of the depositions.").

A list of each deposed witness and the subject of their testimony can be found in the table below.

| Witness | Association | Subject of Testimony |
|---|---|---|
| Syed Albiz | Google | The design, development, and operation of certain features of Gmail |

7

| Witness | Association | Subject of Testimony |
|---|---|---|
| Clara Bayarri | Google | The design, development, and operation of certain features of Android |
| Ted Choc | Google | The design, development, and operation of certain features of the Google Chrome App |
| Ibrahim Elbouchikhi | Google | The design, development, and operation of Android |
| Walter Jang | Google | The design, development, and operation of certain features of the Google Contacts App |
| Evelyn Kao | Google | The design, development, and operation of certain features of Android |
| Brian Kravitz | Google | The design, development, and operation of certain features of Google Docs |
| James Maccoun | Google | Google's licensing practices and procedures |
| Sai Chaithanya Marri | Google | Financial information relating to the accused applications, products, and devices |
| Kishore Papineni | Google | The design, development, and operation of certain features of Google Docs |
| Abodunrinwa Toki | Google | The design, development, and operation of certain features of Android |
| Atle Hedløy | Arendi | Inventor of the Asserted Patents |
| Violette Hedløy | Arendi | Principle of Arendi; marketing of Arendi's products that practice the technology embodied in the Asserted Patents |
| Anind Dey | Non-Party: University of Washington | Prior art: Cyberdesk system |
| Tom Faulhaber | Non-Party: Former Arendi employee | The Asserted Patents |
| Jim Miller | Non-Party: Apple | Prior art: Internet Address Detectors, Data Detectors, LiveDoc, Drop Zones, and various Newton MessagePad devices |
| Giulia Pagallo | Non-Party: Apple, Inc. | Prior art: Newton MessagePad devices |
| Edward Fox | Google | Google's technical expert on invalidity |
| Douglas Kidder | Google | Google's damages expert |
| M. Laurentius Marais | Arendi | Arendi's survey expert |
| Martin Rinard | Google | Google's technical expert on noninfringement |
| Earl Sacerdoti | Arendi | Arendi's technical expert on validity |

8

| Witness | Association | Subject of Testimony |
|---|---|---|
| Trevor Smedley | Arendi | Arendi's technical expert on infringement |
| Lynne Weber | Google | Google's survey expert |
| Roy Weinstein | Arendi | Arendi's damages expert |

The costs are set forth in the table below and in the Declaration of Robert W. Unikel and Exhibit B thereto.

Google's Bill of Costs – Exhibit B: Deposition Transcript Fees

| Deponent | Cost Type | Invoice # | Event Date | Cost |
|---|---|---|---|---|
| James Maccoun | Transcript | 674409 | October 2, 2019 | $604.80 |
| James Maccoun | Video | 674410 | October 2, 2019 | $340.00 |
| Ted Choc | Transcript | 675437 | October 9, 2019 | $734.60 |
| Ted Choc | Video | 675438 | October 9, 2019 | $255.00 |
| Walter Jang | Transcript | 675441 | October 10, 2019 | $498.30 |
| Walter Jang | Video | 675442 | October 10, 2019 | $340.00 |
| Evelyn Kao | Transcript | 675864 | October 23, 2019 | $757.75 |
| Evelyn Kao | Video | 675865 | October 23, 2019 | $425.00 |
| Syed Albiz | Transcript | 676063 | October 24, 2019 | $718.85 |
| Syed Albiz | Video | 676064 | October 24, 2019 | $425.00 |
| Sai Chaithanya Marri | Transcript | 814553 | October 30, 2019 | $613.75 |
| Sai Chaithanya Marri | Video | 814554 | October 30, 2019 | $170.00 |
| Clara Bayarri Romana | Transcript | 815027 | November 12, 2019 | $317.90 |
| Clara Bayarri Romana | Video | 815028 | November 12, 2019 | $170.00 |
| Kishore Papineni | Transcript | 677697 | November 14, 2019 | $328.65 |
| Kishore Papineni | Video | 677698 | November 14, 2019 | $170.00 |
| Brian Kravitz | Transcript | 815149 | November 15, 2019 | $395.80 |
| Brian Kravitz | Video | 815150 | November 15, 2019 | $85.00 |
| Brahim Elbouchikhi | Transcript | 815382 | November 20, 2019 | $430.55 |
| Brahim Elbouchikhi | Video | 815383 | November 20, 2019 | $255.00 |

9

| Deponent | Cost Type | Invoice # | Event Date | Cost |
|---|---|---|---|---|
| Abodurinwa Toki | Transcript | 678048 | November 22, 2019 | $705.70 |
| Abodurinwa Toki | Video | 678049 | November 22, 2019 | $340.00 |
| Sai Chaithanya Marri | Transcript | 816373 | December 13, 2019 | $232.65 |
| Martin Rinard | Transcript | 2036898 | December 17, 2020 | $1,290.20 |
| Martin Rinard | Video | 2036899 | December 17, 2020 | $510.00 |
| Douglas Kidder | Transcript | 2037568 | January 8, 2021 | $495.55 |
| Douglas Kidder | Video | 2037569 | January 8, 2021 | $340.00 |
| Edward Fox | Transcript | 2038059 | January 15, 2021 | $1,310.30 |
| Edward Fox | Video | 2038060 | January 15, 2021 | $425.00 |
| Lynn Weber | Transcript | 2040265 | February 10, 2021 | $647.85 |
| Lynn Weber | Video | 2040266 | February 10, 2021 | $255.00 |
| Lynn Weber | Transcript | 2040233 | February 11, 2021 | $172.50 |
| Lynn Weber | Video | 2040234 | February 11, 2021 | $85.00 |
| Douglas Kidder | Transcript | 2098778 | October 25, 2022 | $603.65 |
| Douglas Kidder | Video | 2098779 | October 25, 2022 | $255.00 |
| Giulia Pagallo | Transcript | 4000755 | October 4, 2019 | $772.80 |
| Giulia Pagallo | Video | 4035893 | October 4, 2019 | $380.00 |
| Thomas Faulhaber | Transcript | 3995307 | October 4, 2019 | $1,744.95 |
| Thomas Faulhaber | Video | 4017598 | October 4, 2019 | $665.00 |
| Jim Miller | Transcript | 4012202 | October 16, 2019 | $1,178.80 |
| Jim Miller | Video | 4036355 | October 16, 2019 | $570.00 |
| Atle Hedløy | Transcript | 4031637 | October 29, 2019 | $2,305.80 |
| Atle Hedløy | Video | 4048431 | October 29, 2019 | $1,045.00 |
| Violette Hedløy | Transcript | 4029359 | October 29, 2019 | $1,491.60 |
| Violette Hedløy | Video | 4048801 | October 29, 2019 | $760.00 |
| Atle Hedløy | Transcript | 4038442 | October 30, 2019 | $1,852.40 |
| Atle Hedløy | Video | 4076980 | October 30, 2019 | $760.00 |
| Atle Hedley | Transcript | 4051005 | November 5, 2019 | $1,581.50 |
| Atle Hedley | Video | 4101216 | November 5, 2019 | $1,045.00 |
| Atle Hedley | Transcript | 4056152 | November 6, 2019 | $2,746.80 |

10

| Deponent | Cost Type | Invoice # | Event Date | Cost |
|---|---|---|---|---|
| Atle Hedley | Video | 4092358 | November 6, 2019 | $1,045.00 |
| Atle Hedløy | Transcript | 4057622 | November 7, 2019 | $4,194.10 |
| Atle Hedløy | Video | 4096547 | November 7, 2019 | $760.00 |
| Anind Dey | Transcript | 4051169 | November 12, 2019 | $1,674.25 |
| Anind Dey | Video | 4086870 | November 12, 2019 | $570.00 |
| Roy Weinstein | Transcript | 4778344 | January 15, 2021 | $2,135.65 |
| Roy Weinstein | Video | 4809845 | January 15, 2021 | $997.50 |
| Laurentius Marais | Transcript | 4777841 | January 18, 2021 | $1,704.70 |
| Trevor Smedley | Transcript | 4796107 | January 19, 2021 | $1,844.30 |
| Trevor Smedley | Video | 4799234 | January 19, 2021 | $1,417.50 |
| Earl Sacerdoti | Transcript | 4786929 | January 20, 2021 | $2,082.00 |
| Earl Sacerdoti | Video | 4802464 | January 20, 2021 | $1,102.50 |
| Roy Weinstein | Transcript | 6147972 | October 18, 2022 | $1,179.95 |
| Roy Weinstein | Video | 6156002 | October 18, 2022 | $575.00 |
| **TOTAL** | | | | **$55,886.45** |

## C.    Witness Fees

Delaware Local Rule 54.1(b)(4) identifies witness fees, mileage and subsistence as taxable costs and provides that the rates for these costs are fixed by 28 U.S.C. § 1821. Pursuant to 28 U.S.C. § 1821(b), the prevailing party shall recover a witness attendance fee of $40 per day of attendance, along with "the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b). Furthermore, "[a] subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance." 28 U.S.C. § 1821(d)(1). The subsistence allowance shall not "exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government." 28 U.S.C. § 1821(d)(2). According to information

11

available on the U.S. General Services Administration website, the GSA rate for Wilmington, Delaware lodging as of April 2023 was $131.00, and the GSA rate for "M&IE total" was $64.00 and the rate for "First and last day of travel" was $48.00 *See* Declaration of Robert W. Unikel, Exhibit C.

Google requests reimbursement of $6,318.00 for costs associated with witness fees. Each of the following Google witnesses testified during trial and was present in the District for a reasonable number of days before and during the trial, which began on April 24, 2023 and concluded on May 2, 2023. Each witness arrived in Wilmington shortly before they were to testify at trial and departed by the end of trial or shortly after their testimony. Google paid all of the costs associated with travel, lodging, and subsistence for each of these witnesses. Accordingly, Google seeks the following witness fees, lodging, subsistence, and travel costs for each witness, which are also set forth in the Declaration of Robert W. Unikel and Exhibit C thereto.

<u>Google's Bill of Costs – Exhibit C: Witness Fees</u>

| Witness | Traveling From | Trial Attendance[2] | Cost Breakdown | Total |
|---|---|---|---|---|
| Brahim Elbouchikhi | Belmont, California | April 26, 2023* | <u>Attendance Fees</u> $40.00 per day x 1: $40.00 <br><br> <u>Lodging</u> $131.00 per day x 2: $262.00 <br><br> <u>M&IE (travel days)</u> $48.00 per day x 2: $96.00 <br><br> <u>M&IE (additional days)</u> $64.00 per day x 1: $64.00 | $426.00 |

---

[2] asterisk (*) indicates dates testified

12

| Witness | Traveling From | Trial Attendance[2] | Cost Breakdown | Total |
|---|---|---|---|---|
| Abodunrinwa Toki | London, UK | April 26, 2023* | Attendance Fees<br>$40.00 per day x 1: $40.00<br><br>Lodging<br>$131.00 per day x 2: $262.00<br><br>M&IE (travel days)<br>$48.00 per day x 2: $96.00<br><br>M&IE (additional days)<br>$64.00 per day x 1: $64.00 | $426.00 |
| Ted Choc | San Francisco, California | April 24, 2023<br>April 25, 2023<br>April 26, 2023<br>April 27, 2023*<br>May 1, 2023<br>May 2, 2023 | Attendance Fees<br>$40.00 per day x 6: $240.00<br><br>Lodging<br>$131.00 per day x 7: $917.00<br><br>M&IE (travel days)<br>$48.00 per day x 4: $192.00<br><br>M&IE (additional days)<br>$64.00 per day x 6: $384.00 | $1,733.00 |
| Martin Rinard | Cambridge, Massachusetts | April 24, 2023<br>April 25, 2023<br>April 26, 2023<br>April 27, 2023* | Attendance Fees<br>$40.00 per day x 4: $160.00<br><br>Lodging<br>$131.00 per day x 5: $655.00<br><br>M&IE (travel days)<br>$48.00 per day x 2: $96.00<br><br>M&IE (additional days)<br>$64.00 per day x 4: $256.00 | $1,167.00 |

13

| Witness | Traveling From | Trial Attendance[2] | Cost Breakdown | Total |
|---|---|---|---|---|
| Edward Fox | Blacksburg, Virgina | April 24, 2023 April 25, 2023 April 26, 2023 April 27, 2023 May 1, 2023* | Attendance Fees $40.00 per day x 5: $200.00<br><br>Lodging $131.00 per day x 6: $786.00<br><br>M&IE (travel days) $48.00 per day x 2: $96.00<br><br>M&IE (additional days) $64.00 per day x 5: $320.00 | $1,402.00 |
| Douglas Kidder | Berkeley, California | April 24, 2023 April 26, 2023 May 1, 2023* | Attendance Fees $40.00 per day x 3: $120.00<br><br>Lodging $131.00 per day x 4: $524.00<br><br>M&IE (travel days) $48.00 per day x 2: $96.00<br><br>M&IE (additional days) $64.00 per day x 3: $192.00 | $932.00 |
| **TOTAL** | | | | **$6,158.00** |

| Vendor | Invoice # | Invoice Date | Subpoena to: | Cost |
|---|---|---|---|---|
| Nationwide | 197211 | August 16, 2019 | Georgia Institute of Technology - Deposition Attendance | $40.00 |
| Nationwide | 198671 | September 6, 2019 | Herbert Lichtman - Deposition Attendance | $40.00 |
| Nationwide | 198671 | September 6, 2019 | David Lax - Deposition Attendance | $40.00 |
| Nationwide | 199197 | September 13, 2019 | Anind Dey - Deposition Attendance | $40.00 |
| **TOTAL** | | | | **$160.00** |

### D.  Exemplification, Printing and Copying Costs

28 U.S.C. § 1920 permits taxation of costs for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "This does not require, however, that the copies actually be used in the case or made part of the record." *In re Ricoh Co. Pat. Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (citing *Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)). Delaware Local Rule 54.1(b)(5) provides that "[t]he cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable." Courts can "exercise [their] discretion under Section 1920 to tax costs for copying and exemplification that are taxable under the statute, even if they would not also be taxable under the Local Rule." *Honeywell*, 2014 WL 2568041, at *10.

Costs may be taxed for activities that are the functional equivalent of "making copies." "[S]canning and conversion of native files to the agreed-upon format for production of ESI constitute 'making copies of materials'" under 28 U.S.C. § 1920(4) and are thus taxable. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012); *see also Walker Digit.*, 2016 WL 1553974, at *5 ("Copying documents in response to a discovery request is, by its nature, necessary for use in preparing the case." (*quoting Sobering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 427 (D. Del. 2001))); *Lab. Skin Care, Inc. v. Limited Brands, Inc.*, C.A. No. 06- 601-LPS, 2016 WL 1266564, at *3 (D. Del. Mar. 30, 2016) ("The costs Defendants incurred in scanning their paper documents for production to Plaintiffs were incurred as part of Defendants' effort to comply with the Default Standard for Discovery pursuant to which the parties were operating, which required production of electronically stored information."). The cost of creating document production media (e.g., CDs) is also taxable. *Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 249–50 (D. Del. 2012) (taxing costs for CD-ROMs and conversion to TIFF format); *see*

15

*also Intell. Ventures*, 2019 WL 1332356, at *4 (taxing costs "for conversion of electronic documents to the proper format for production"). So too are the costs associated with Bates stamping documents for production. *Apeldyn Corp. v. Sony Corp.*, C.A. No. 11-440-SLR, 2016 WL 4064726, at *2 (D. Del. July 27, 2016). And the same is true for the cost of demonstrative exhibits and trial presentation materials. *E.g.*, *Intell. Ventures*, 2019 WL 1332356, at *4 (granting costs including graphics costs).

### 1.    Production Costs

Google necessarily incurred $3,360.84 in fees relating to copying, scanning, imaging and file format conversion, Bates-stamping, and document production in response to discovery requests from Arendi, and stamping trial exhibits in accordance with the Joint Pretrial Order (D.I. 467). "Copying documents in response to a discovery request is, by its nature, necessary for use in preparing the case" and thus copying costs are taxable. *Walker Digit.*, 2016 WL 1553974, at *5. Google produced 156,364 pages of documents in response to requests by Arendi. The Default Standard for Discovery, which governed this case, requires that "ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF)," requires that the integrity of metadata be preserved, and requires production in the format of "single page TIFF images and associated multipage text files containing extracted text or OCR" accompanied by "load files containing all requisite information including relevant metadata." Default Standard 5.c. Google necessarily incurred costs in adhering to these requirements. Google prepared and exchanged 608 stamped exhibits with Arendi as part of its required pretrial disclosures. The Joint Pretrial Order requires that "the parties [] exchange final digital copies of their exhibits, with exhibit numbers, seven days before the first day of trial" and these exhibits must comply with specific stamping requirements:

16

The final digital copy of each exhibit page will be endorsed with a unique page identifier, including the exhibit prefix, exhibit number, and page numbers of the electronic document. The exhibit prefixes shall be: . . . "DTX" for exhibits on Defendant' Exhibit List. The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal.

D.I. 467 §61. The costs are set forth in the table below and in the Declaration of Robert W. Unikel and Exhibit D-1 thereto.

Google's Bill of Costs – Exhibit D-1: Production and Exhibit Stamping Costs

| Vendor | Invoice # | Job Date | Cost |
|---|---|---|---|
| Lighthouse | 108975B | November 30, 2013 | $154.19 |
| Lighthouse | 0109431-IN | December 31, 2013 | $424.15 |
| Parcels | 1015872 | March 31, 2023 | $1,849.92 |
| Parcels | 1020850 | May 3, 2023 | $932.58 |
| TOTAL | | | $3,360.84 |

### 2. Exemplification and Copies for Trial

Google also requests a total of $31,538.95 in costs for exemplification, printing and copying documents reasonably necessary for use at trial. Google necessarily incurred these costs in preparing witness exhibits and binders for trial. *E.g.*, *Intell. Ventures*, 2019 WL 1332356, at *4 ("binding and tabs are necessary in order to effectively present materials to the Court and to a jury"). Thus, the requested costs are associated with actions that were "necessarily obtained for use in the case." The costs are set forth in the table below and in the Declaration of Robert W. Unikel and Exhibit D-2 thereto.

Google's Bill of Costs – Exhibit D-2: Exemplification, Printing and Copying Costs

| Vendor | Invoice # | Job Date | Cost |
|---|---|---|---|
| Parcels | 1018377 | April 17, 2023 | $5,194.20 |
| Parcels | 1018481 | April 17, 2023 | $277.00 |

17

| Vendor | Invoice # | Job Date | Cost |
|---|---|---|---|
| Parcels | 1018574 | April 18, 2023 | $13,254.90 |
| Parcels | 1018488 | April 19, 2023 | $292.70 |
| Parcels | 1018731 | April 19, 2023 | $577.15 |
| Parcels | 1020081 | April 20, 2023 | $264.00 |
| Parcels | 1019344 | April 23, 2023 | $3,271.45 |
| Parcels | 1020265 | April 23, 2023 | $1,488.80 |
| Parcels | 1020065 | April 24, 2023 | $1,303.75 |
| Parcels | 1019794 | April 25, 2023 | $378.70 |
| Parcels | 1020064 | April 25, 2023 | $1,293.00 |
| Parcels | 1020221 | April 26, 2023 | $1,527.40 |
| Parcels | 1021309 | April 30, 2023 | $1,647.45 |
| Parcels | 1021310 | April 30, 2023 | $768.45 |
| | **TOTAL** | | **$31,538.95** |

## IV.    CONCLUSION

Google respectfully requests that the Court grant its Bill of Costs and enter an award in Google's favor in the amount of $119,704.14 in taxable costs pursuant to 28 U.S.C. §§ 1920-1924, Federal Rule of Civil Procedure 54(d), and District of Delaware Local Rule 54.1.

18

OF COUNSEL:

Robert W. Unikel
John Cotiguala
PAUL HASTINGS LLP
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: (312) 449-6000

Robert R. Laurenzi
Chad J. Peterman
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000

Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100

Vincent Y. Ling
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100

Dated: July 27, 2026

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
 David E. Moore (#3983)
 Bindu A. Palapura (#5370)
 Andrew L. Brown (#6766)
 Hercules Plaza, 6th Floor
 1313 N. Market Street
 Wilmington, DE 19801
 Tel: (302) 984-6000
 dmoore@potteranderson.com
 bpalapura@potteranderson.com
 abrown@potteranderson.com

*Attorneys for Defendant Google LLC*

19