## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARENDI S.A.R.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-919-JLH |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF ARENDI'S OBJECTIONS TO DEFENDANT GOOGLE'S BILL OF COSTS

Defendant Google's Memorandum of Costs ("Google's Bill of Costs") seeks to recover $119,704.14 in costs. But 90% of the costs Google seeks are not permissibly taxable under U.S.C. § 1920 and Delaware Local Rule 54.1. The Court should disallow $109,958.95 of the costs as follows:

- *Pre-Trial and Trial Transcripts*: The Court should disallow the full $22,599.90 Google requests for court transcripts because i) the Court did not request those transcripts; and ii) Google has not established the cost of non-expedited transcript services. L.R. 54.1(b)(2).

- *Deposition Transcripts, Exhibits, and Videos*: The Court should disallow $51,893.40 Google seeks for deposition costs because almost none of the depositions were substantially used to decide a material issue in the case, and at least one invoice submitted was for a different case. L.R. 54.1(b)(3).

- *Witness Fees*: The Court should disallow $566.00 for witness fees for expenses incurred by a witness who unnecessarily continued to attend trial after he had completed testifying. L.R. 54.1(b)(4).

- *Production Costs*: The Court should disallow the full $3,360.84 Google requests for production costs because i) they include the creation of exhibits that were not admitted at trial and were created for counsel's convenience, and ii) Defendant's invoices provide no discernable way to assess costs on a per document basis. L.R. 54.1(b)(5).

- *Exemplification and Copies for Trial*: The Court should disallow the full $31,538.95 Google seeks for exemplification and copies for trial because Google i) does not demonstrate that these exhibits were used at trial, ii) seeks multiple copies of documents,

and iii) includes charges for copies of depositions that were already included in Exhibit B. L.R. 54.1(b)(5).

Arendi is a small company with limited resources that pursued its patent infringement claims through trial in good faith, after the Court denied Google's dispositive motions. Google is one of the largest and wealthiest companies in the world. Yet Google's Bill of Costs not only seeks to recover costs that are punitive for Arendi and *de minimis* for Google, but dramatically overreaches in doing so. The Court should tax Google's costs by at least $109,958.95.

## I.    Legal Standard

The categories of prevailing party costs Google may seek to recover are established by 28 U.S.C. § 1920, which the Supreme Court "has accorded a narrow reading," *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 442 (1987)) and Local Rule 54.1, *Walker Digital, LLC v. Google, Inc.*, No. CV 11-318-LPS, 2016 WL 1553974, at *2 (D. Del. Apr. 12, 2016).

The Clerk "has discretion to deny a request for taxation of costs based on a prevailing party's failure to support its request with sufficient and specific documentation." *Walker Digital*, 2016 WL 1553974 at *2. "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. §1924. This rule is reflected in Local Rule 54.1(a)(2), which provides, "[t]he bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924." *Cloud Farm Assocs., L.P v. Volkswagen Grp. of Am., Inc.*, No. CV 10-502-LPS, 2018 WL 4603264, at *3 (D. Del. Sept. 25, 2018) (quoting L.R. 54.1(a)(2)).

**II.     The Court Should Not Award 90% of the Costs Google Seeks.**

### A.     Google is Not Entitled to Costs for Multiple Trial and Hearing Transcript Copies Made for Its Counsel's Convenience on an Expedited Basis

The Court should disallow the full $22,599.90 that Google seeks for trial and hearing transcripts. Under Local Rule 54.1(b)(2), the costs of pre-trial and trial transcripts are taxable only "when requested by the Court or prepared pursuant to stipulation," whereas "[c]opies of transcripts for counsel's own use are not taxable." L.R. 54.1(b)(2); *see also* 28 U.S.C. § 1920(2) (limiting reimbursement to transcripts "necessarily obtained for use in the case"). "Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable." L.R. 54.1(b)(2). Google has not shown that its fee request meets the Rule's requirement. First, the Court did not request any of the transcripts. Second, Google seeks to recover for unnecessary expediting costs. Third, Google improperly asks for reimbursement for its counsel's real-time readout at trial. Finally, Google asks Arendi to pay for more than one copy of each transcript.

First, Google has not shown that the Court requested *any* of the transcripts for which it seeks reimbursement. *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, No. CIVA 99-309 GMS, 2009 WL 3153496, at *1 (D. Del. Sept. 30, 2009) (disallowing costs for transcripts because they were not explicitly requested by the court, notwithstanding court's request for post-trial briefing). Google itself admits that transcripts were "not explicitly requested by the Court." Dkt. 629 at 4. That limitation alone requires disallowing the full $22,599.90 Google seeks for transcripts.

Second, Google ordered every transcript on an expedited basis and is seeking reimbursement for the full cost of expediting services.[1] Expediting services are not taxable.

---

[1] Dkt. 630, Ex. A at 5 (Transcript of Argument by Telephone Conference before Chief Judge Stark, ordered on 14-day turnaround); *id.* at 8 (Transcript of Claim Construction Hearing before Chief Judge Stark, ordered on expedited turnaround); *id.* at 11 (Transcript of Oral Argument Hearing before Chief Judge Stark, invoice reflects delivery two business days after hearing); *id.* at 14 (Transcript of Oral Argument Hearing before Chief Judge Stark, ordered on 3-day turnaround); *id.* at 17 (Transcript of Oral Argument Hearing on Section 101 before Chief Judge Stark, ordered on 3-day turnaround); *id.* at 20 (Transcript of Pretrial Conference before Judge Hall, ordered for daily turnaround); *id.* at

*Express Mobile, Inc. GoDaddy.com, LLC.*, No. 1:19-CV-01937-MFK, 2026 WL 1338015, at \*22 (D. Del. May 14, 2026) (disallowing costs for expedited hearing transcripts). Google bears the burden of "support[ing] its request with sufficient and specific documentation." *Walker Digital, LLC*, 2016 WL 1553974, at \*2. But it provides no evidence of the cost of ordinary non-expedited transcripts—*i.e.*, of the actual taxable portion of its costs. The Court should, therefore, again disallow the full $22,599.90 cost of the expedited transcripts.

Third, Google's bill includes the cost of real-time services during trial. Dkt. 630, Ex. A at 23. Real-time transcripts are not "necessary for pretrial hearings or trial"; rather, they are for convenience of counsel and therefore not taxable. *Express Mobile, Inc.*, No. 1:19-CV-01937-MFK, 2026 WL 1338015, at \*22. Google offers no justification for its reimbursement request for real-time. Even if the Court permits Google to recover some transcript costs, it should disallow the $10,124.10 cost of real-time services.

Fourth, Google charges for multiple copies of transcripts. Dkt. 630, Ex. A at 5, 8, 11, 14, 17, 20, 23. "Defendant may not recover… the cost of an extra copy of a transcript… as these expenses were incurred for the convenience of counsel." *Turpin v. Marriott Corp.*, No. CIV.A. 92-4567, 1994 WL 551510, at \*3 (E.D. Pa. Oct. 6, 1994). Despite this, Google seeks costs for three copies of six hearing transcripts and those for the full trial. For pre-trial purposes, this case was consolidated with a case against Motorola for which Google and Motorola shared counsel, and while Google indicates it split costs with Motorola for five of the hearing transcripts it still fails to account for the third copy. Dkt. 629 at 5. As a result, Google charges for 1.5 copies of five transcripts and three copies of transcripts from the pretrial conference and trial. Google provides no justification for why it should be entitled to reimbursement for multiple copies of each

---

23 (Transcripts of Jury Trial before Judge Hall, ordered for hourly turnaround in addition to ordering real time transcript).

transcript. As shown in the following table, if the Court allows Google to recover for the costs of transcripts despite the deficiencies above (which it should not), the Court should still disallow the $7,932.28 cost of duplicate transcripts.

**Table A.1: Proposed Amended Costs for Pre-Trial and Trial Transcript Costs to Remove Costs of Duplicate Transcripts**

| Description | Invoice # | Event Date | Total Invoice Cost for 3 Copies | Google's Requested Costs | Proposed Amended Cost (for 1 copy) | Disallowed Costs |
|---|---|---|---|---|---|---|
| Transcript of Argument by Telephone Conference before Chief Judge Stark, Ex. A at 3-5. | 1408 | 1/25/21 | 105.00 | 52.50 for 1.5 copies | 35.00 | 17.50 |
| Transcript of Claim Construction Hearing before Chief Judge Stark, Ex. A at 6-8. | 710 | 7/26/19 | 536.94 | 268.47 for 1.5 copies | 178.98 | 89.49 |
| Transcript of Oral Argument Hearing before Chief Judge Stark, Ex. A at 9-11. | 021716-40549-39729 | 2/12/16 | 289.42 | 144.71 for 1 copy | 144.71 | 0.00 |
| Transcript of Oral Argument Hearing before Chief Judge Stark, Ex. A at 12-14. | 1623 | 7/29/21 | 780.16 | 390.08 for 1.5 copies | 260.05 | 130.03 |
| Transcript of Oral Argument Hearing on Section 101 before Chief Judge Stark, Ex. A at 15-17. | 899 | 4/20/19 | 308.55 | 154.28 for 1.5 copies | 102.85 | 51.43 |

5

| Transcript of Pretrial Conference before Judge Hall, Ex. A at 18-20 | 20230070 | 4/6/23 | 538.65 | 538.65 for 3 copies | 179.55 | 359.10 |
|---|---|---|---|---|---|---|
| Transcripts of Jury Trial before Judge Hall, Ex. A at 21-23. | 20230087 | 4/21/2023,4/24-4/28/2023, 5/1-5/2/2023 | 10,927.11 | 10,927.11 for 3 copies | 3,642.37 | $7,284.74 |
| **Total** | | | **$13,485.83** | **$12,475.80** | **$4,543.52** | **$7,932.28** |

**Table A.2 Proposed Amended Costs to
Remove Cost of Realtime Trial Transcript**

| Description | Invoice # | Event Date | Total Invoice Cost (real time) | Google's Requested Costs | Proposed Amended Cost | Disallowed Costs |
|---|---|---|---|---|---|---|
| Transcripts of Jury Trial before Judge Hall, Ex. A at 21-23. | 20230087 | 4/21/23 ,4/24-4/28/23, 5/1-5/2/23 | 21,051.21 | $10,124.10 for real time transcript | $0 | $10,124.10 |
| **Total** | | | | **$10,124.10** | **$0** | **$10,124.10** |

The Court thus should disallow the full $22,599.90 Google requests for court transcripts because i) the Court did not request those transcripts; and ii) Google has not established the cost of non-expedited transcript services. And even if the Court does allow some recovery of transcript costs, the Court should disallow i) the $10,124.10 cost of real time; and ii) the $7,932.28 cost of duplicate transcripts.

B. **Google is Not Entitled to Costs for Deposition Transcripts That Were Not Substantially Used at Trial or Duplicative Video Recordings**

The Court should disallow $51,893.40 that Google seeks to recover for deposition costs. Local Rule 54.1(b)(3) provides for the taxing of costs for the original and one copy of a deposition only where "a substantial portion of the deposition is used in the resolution of a material issue in the case." L.R. 54.1(b)(3). Google nonetheless seeks costs for 33 depositions. For 31 of them, Google seeks costs for both the transcript and the video. Google has not shown that its fee request meets the Rule's requirements. First, it asks for reimbursement for depositions without demonstrating that they were substantially used at trial, and in fact concedes that they were not. Dkt. 629 at 5-7. Second, Google seeks costs for both transcripts and video recordings despite the rule only allowing for taxing one copy of the deposition record. Finally, Google neglects to split costs with Motorola. The Court should disallow or reduce Defendant's deposition costs for each of those reasons.

First, the Court should disallow $51,893.40 in costs for depositions for which Google has not demonstrated that a "substantial portion" of each were used in the resolution of a material issue in the case. L.R. 54.1(b)(3). This disallowance includes $15,272.85 for depositions of witnesses that were never called to testify live. Dkt. 630, Ex. B at 4-5, 8-21, 26, 33-36, 39-42, 47-48, 61-62. It separately includes $35,574.85 for depositions from witnesses who testified live at trial but whose depositions were never referenced. *Id.*, Ex. B at 6-7, 22-23, 27-32, 37-38, 45-46, 49-56, 59-60, 63-68. Finally, it also includes $1,045.70 for witnesses whose depositions were minimally referenced at trial, well below this District's measure of substantial use. *Id.*, Ex. B at 24-25.

"The standard of 54.1(b)(3) focuses on the actual use of a substantial portion of the deposition to resolve a material issue in the case; it does not focus on whether the parties' attorneys use the depositions or subjectively view the depositions as important or unimportant." *Honeywell*, C.A. No. 99-309-GMS, 2009 WL 3153496, at *2. This District Court has repeatedly found that

7

simply using depositions for fact development, to prepare for cross-examination, or for mere references at trial is insufficient to meet the defendant's burden. *Id*. ("The fact that portions of these depositions were used in the preparation and cross-examination of witnesses who did testify at trial is scarcely relevant to the 54.1(b)(3) standard and certainly is not sufficient to meet [defendant's] burden . . . ."); *Bethea v. Rash*, No. CV 11-1045-SLR, 2015 WL 4477693, at *4 (D. Del. July 22, 2015) (denying costs when deposition transcripts were used only "to develop general facts of the case, to prepare plaintiff's attorney for cross-examination of defendant's witnesses, or were merely referenced at trial, and none of the transcripts were admitted into evidence."); *Sanofi v. Glenmark Pharms., Inc. USA*, No. 1:14-CV-00264-RGA, 2018 WL 6427870, at *2 (D. Del. Dec. 7, 2018) ("Equity does not require that I grant Plaintiffs the costs associated with obtaining numerous deposition transcripts which were predominantly unused in dispositive motions and trial.").

This district court has found that using "approximately 25%" of a deposition transcript constitutes substantial use, while lesser amounts do not. *Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 254-56 (D. Del. 2012) (finding 8%, 10%, and 12% use not substantial, but that 25% was substantial). Costs have been disallowed even where deposition testimony has addressed material issues or been put forth "extensively," if the contending party does not establish that the use was "substantial." *United Access Techs., LLC v. EarthLink, Inc*., No. CIV.A. 02-272-MPT, 2012 WL 2175786, at *7 (D. Del June 14, 2012) (disallowing costs for a deposition transcript even while acknowledging that it played a role in impeaching a witness and may have influenced the verdict, because the use was not substantial). Google concedes the Local Rule permits recovery of transcript fees only when a substantial portion of the deposition is used in the resolution of material

8

issue in the case, yet Google urges the Court to use its discretion to allow for recovery beyond the Local Rule. Dkt. 629 at 5-6.

Of the total $55,886.45 in deposition costs that Google seeks, the Court should disallow $15,272.85 in costs for depositions because they were not played at trial, from witnesses who did not testify at trial, and for whom Google has provided no explanation as to how any portion, let alone a substantial portion, was used in resolution of a material issue in the case. Fourteen witnesses were never called to testify over the course of trial. Dkt. 630, Ex. B at 4-5, 8-21, 26, 33-36, 39-42, 47-48, 61-62.

**Table B.1: Proposed Amended Costs to Remove Cost of Depositions Not Used at Trial**

| Vendor | Deponent | Cost Type | Invoice # | Event Date | Defendant's Requested Costs | Proposed Amended Cost |
|---|---|---|---|---|---|---|
| TSG | James Maccoun | Transcript | 674409 | October 2, 2019 | $604.80 | $0.00 |
| TSG | James Maccoun | Video | 674410 | October 2, 2019 | $340.00 | $0.00 |
| TSG | Walter Jang | Transcript | 675441 | October 10, 2019 | $498.30 | $0.00 |
| TSG | Walter Jang | Video | 675442 | October 10, 2019 | $340.00 | $0.00 |
| TSG | Evelyn Kao | Transcript | 675864 | October 23, 2019 | $757.75 | $0.00 |
| TSG | Evelyn Kao | Video | 675865 | October 23, 2019 | $425.00 | $0.00 |
| TSG | Syed Albiz | Transcript | 676063 | October 24, 2019 | $718.85 | $0.00 |
| TSG | Syed Albiz | Video | 676064 | October 24, 2019 | $425.00 | $0.00 |
| TSG | Sai Chaithanya Marri | Transcript | 814553 | October 30, 2019 | $613.75 | $0.00 |
| TSG | Sai Chaithanya Marri | Video | 814554 | October 30, 2019 | $170.00 | $0.00 |
| TSG | Clara Bayarri Romana | Transcript | 815027 | November 12, 2019 | $317.90 | $0.00 |
| TSG | Clara Bayarri Romana | Video | 815028 | November 12, 2019 | $170.00 | $0.00 |
| TSG | Kishore Papineni | Transcript | 677697 | November 14, 2019 | $328.65 | $0.00 |
| TSG | Kishore Papineni | Video | 677698 | November 14, 2019 | $170.00 | $0.00 |

| TSG | Brian Kravitz | Transcript | 815149 | November 15, 2019 | $395.80 | $0.00 |
|-----|---------------|------------|--------|-------------------|---------|-------|
| TSG | Brian Kravitz | Video | 815150 | November 15, 2019 | $85.00 | $0.00 |
| TSG | Sai Chaithanya Marri | Transcript | 816373 | December 13, 2019 | $232.65 | $0.00 |
| TSG | Lynn Weber | Transcript | 2040265 | February 10, 2021 | $647.85 | $0.00 |
| TSG | Lynn Weber | Video | 2040266 | February 10, 2021 | $255.00 | $0.00 |
| TSG | Lynn Weber | Transcript | 2040233 | February 11, 2021 | $172.50 | $0.00 |
| TSG | Lynn Weber | Video | 2040234 | February 11, 2021 | $85.00 | $0.00 |
| Veritext | Giulia Pagallo | Transcript | 4000755 | October 4, 2019 | $772.80 | $0.00 |
| Veritext | Giulia Pagallo | Video | 4035893 | October 4, 2019 | $380.00 | $0.00 |
| Veritext | Thomas Faulhaber | Transcript | 3995307 | October 4, 2019 | $1744.95 | $0.00 |
| Veritext | Thomas Faulhaber | Video | 4017598 | October 4, 2019 | $665.00 | $0.00 |
| Veritext | Violette Hedloy | Transcript | 4029359 | October 29, 2019 | $1491.60 | $0.00 |
| Veritext | Violette Hedloy | Video | 4048801 | October 29, 2019 | $760.00 | $0.00 |
| Veritext | Laurentius Marais | Transcript | 4777841 | January 18, 2021 | $1704.70 | $0.00 |
| **Total for only Transcripts** | | | | | $11,002.85 | $0.00 |
| **Total for only Videos** | | | | | $4,270 | $0.00 |
| **Total for Transcripts and Videos** | | | | | **$15,272.85** | **$0.00** |

Of the total $55,886.45 in deposition costs that Google seeks, the Court should also disallow $35,574.85 for witnesses who testified live at trial but whose depositions were not referenced. Dkt. 630, Ex. B at 6-7, 22-23, 27-32, 37-38, 45-46, 49-56, 59-60, 63-68. Three of the witnesses (Choc, Elbouchikhi, and Kidder) were Google's own witnesses whom they elected to bring to trial to testify live, rather than by deposition designations. The lack of reference to any part of these witnesses' depositions illustrates the lack of substantial impact on the case.

**Table B.2: Proposed Amended Costs to Remove Cost of Depositions Not Used for Testifying Witnesses Live at Trial**

| Vendor | Deponent | Cost Type | Invoice # | Event Date | Requested Costs | Proposed Amended Cost |
|--------|----------|-----------|-----------|------------|-----------------|-----------------------|

| TSG | Ted Choc | Transcript | 675437 | October 9, 2019 | $734.60 | $0.00 |
|---|---|---|---|---|---|---|
| TSG | Ted Choc | Video | 675438 | October 9, 2019 | $255.00 | $0.00 |
| TSG | Brahim Elbouchikhi | Transcript | 815382 | November 20, 2019 | $430.55 | $0.00 |
| TSG | Brahim Elbouchikhi | Video | 815383 | November 20, 2019 | $255.00 | $0.00 |
| TSG | Martin Rinard | Transcript | 2036898 | December 17, 2020 | $1290.20 | $0.00 |
| TSG | Martin Rinard | Video | 2036899 | December 17, 2020 | $510.00 | $0.00 |
| TSG | Douglas Kidder | Transcript | 2037568 | January 8, 2021 | $495.55 | $0.00 |
| TSG | Douglas Kidder | Video | 2037569 | January 8, 2021 | $340.00 | $0.00 |
| TSG | Edward Fox | Transcript | 2038059 | January 15, 2021 | $1310.30 | $0.00 |
| TSG | Edward Fox | Video | 2038060 | January 15, 2021 | $425.00 | $0.00 |
| TSG | Douglas Kidder | Transcript | 2098778 | October 25, 2022 | $603.65 | $0.00 |
| TSG | Douglas Kidder | Video | 2098779 | October 25, 2022 | $255.00 | $0.00 |
| Veritext | Atle Hedloy[2] | Transcript | 4031637 | October 29, 2019 | $2305.80 | $0.00 |
| Veritext | Atle Hedloy | Video | 4048431 | October 29, 2019 | $1045.00 | $0.00 |
| Veritext | Atle Hedloy | Transcript | 4038442 | October 30, 2019 | $1852.40 | $0.00 |
| Veritext | Atle Hedloy | Video | 4076980 | October 30, 2019 | $760.00 | $0.00 |
| Veritext | Atle Hedley | Transcript | 4051005 | November 5, 2019 | $1581.50 | $0.00 |
| Veritext | Atle Hedley | Video | 4101216 | November 5, 2019 | $1045.00 | $0.00 |
| Veritext | Atle Hedley | Transcript | 4056152 | November 6, 2019 | $2746.80 | $0.00 |
| Veritext | Atle Hedley | Video | 4092358 | November 6, 2019 | $1045.00 | $0.00 |
| Veritext | Atle Hedloy | Transcript | 4057622 | November 7, 2019 | $4194.10 | $0.00 |
| Veritext | Atle Hedloy | Video | 4096547 | November 7, 2019 | $760.00 | $0.00 |
| Veritext | Roy Weinstein | Transcript | 4778344 | January 15, 2021 | $2135.65 | $0.00 |
| Veritext | Roy Weinstein | Video | 4809845 | January 15, 2021 | $997.50 | $0.00 |
| Veritext | Trevor Smedley | Transcript | 4796107 | January 19, 2021 | $1844.30 | $0.00 |
| Veritext | Trevor Smedley | Video | 4799234 | January 19, 2021 | $1417.50 | $0.00 |
| Veritext | Earl Sacerdoti | Transcript | 4786929 | January 20, 2021 | $2082.00 | $0.00 |
| Veritext | Earl Sacerdoti | Video | 4802464 | January 20, 2021 | $1102.50 | $0.00 |
| Veritext | Roy Weinstein | Transcript | 6147972 | October 18, 2022 | $1179.95 | $0.00 |
| Veritext | Roy Weinstein | Video | 6156002 | October 18, 2022 | $575.00 | $0.00 |
| Total for only Transcripts | | | | | $24,787.35 | $0.00 |
| Total for only Videos | | | | | $10,787.50 | $0.00 |
| **Total for Transcripts and Videos** | | | | | **$35,574.85** | **$0.00** |

Of the total $55,886.45 in deposition costs that Google seeks, the Clerk should also disallow an additional $1,045.70 for a witness whose depositions were minimally referenced at trial, well below this district's threshold for substantial use. Ex. B at 24-25. This deposition was

---

[2] A single clip of Mr. Hedloy's deposition, spanning 8 lines of trial transcript, was played at trial. Trial Tr. Volume I, page 176:7-15, April 24, 2023.

referenced in fragments, amounting to significantly less than the "approximately 25%" threshold

recognized as "substantial" in *Cordance Corp.*, 855 F. Supp. 2d at 255.

**Table B.3: Proposed Amended Cost to Remove Cost of
Depositions Only Minimally Used at Trial**

| Vendor | Deponent | Cost Type | Invoice # | Event Date | Google's Requested Cost | Proposed Amended Cost | Minimal Use of Transcript at Trial |
|---|---|---|---|---|---|---|---|
| TSG | Abodurin wa Toki | Transcript | 678048 | November 22, 2019 | $705.70 | $0.00 | Toki live testified at trial, and only 7 lines of a 200 page deposition transcript were referenced. Trial Tr. Volume III, page 754, April 26, 2023. |
| TSG | Abodurin wa Toki | Video | 678049 | November 22, 2019 | $340.00 | $0.00 | |
| Total for Transcripts Only | | | | | $705.70 | $0.00 | |
| Total for Videos Only | | | | | $340.00 | $0.00 | |
| **Total for Transcripts and Videos** | | | | | **$1,045.70** | **$0.00** | |

If the Court does not strike these portions of Google's request for deposition costs, the

Court should disallow $16,537.50 for the cost of video recordings. Google seeks costs for both

transcripts and video recordings of each deposition despite this District regularly finding that video

recordings are not taxable costs within the meaning of L.R. 54.1(b)(3). *Amgen Inc. v. Sanofi,

Aventisub LLC*, No. CV 14-1317-RGA, 2025 WL 660818, at *3 (D. Del. Feb. 28, 2025) ("[F]or

deposition transcripts, pretty much everything other than the actual transcript is a bell and

whistle…. A video is not a transcript"); *Express Mobile, Inc. v. GoDaddy.com, LLC*, No. 1:19-

CV-01937-MFK, 2026 WL 1338015 at * 22 (D. Del. May 14, 2026) (denying costs "for video

transcripts and related costs" as not "reasonably necessary").

Likewise, if the Court does not strike these portions of Google's deposition costs, its costs

should be reduced by $12,620.43 to account for Google's apparent failure to prorate costs with

Motorola and inclusion of one receipt for a deposition in a different case. The invoices for the following depositions indicate they were for *both* the Google and Motorola cases, but Google seeks *all* eligible costs rather than just its portion of the costs. Dkt. 630, Ex. B at 45-58. Therefore, half of the cost of those depositions should be disallowed. Additionally, the invoice for Laurentius Marais indicates it was for "Apple Case Only" and therefore should be disallowed. *Id.*, Ex. B at 61.

**Table B.4: Proposed Amended Cost to Remove the Costs of Other Cases**

| Vendor | Deponent | Cost Type | Invoice # | Event Date | Total Cost | Resulting Disallowed Costs | Amended Taxable Costs |
|---|---|---|---|---|---|---|---|
| Veritext | Atle Hedloy | Transcript | 4031637 | October 29, 2019 | $2305.80 | $1,152.90 | $1,152.90 |
| Veritext | Atle Hedloy | Video | 4048431 | October 29, 2019 | $1045.00 | $522.50 | $522.50 |
| Veritext | Violette Hedloy | Transcript | 4029359 | October 29, 2019 | $1491.60 | $745.80 | $745.80 |
| Veritext | Violette Hedloy | Video | 4048801 | October 29, 2019 | $760.00 | $380.00 | $380.00 |
| Veritext | Atle Hedloy | Transcript | 4038442 | October 30, 2019 | $1852.40 | $ 926.20 | $926.20 |
| Veritext | Atle Hedloy | Video | 4076980 | October 30, 2019 | $760.00 | $380.00 | $380.00 |
| Veritext | Atle Hedley | Transcript | 4051005 | November 5, 2019 | $1581.50 | $790.75 | $790.75 |
| Veritext | Atle Hedley | Video | 4101216 | November 5, 2019 | $1045.00 | $522.50 | $522.50 |
| Veritext | Atle Hedley | Transcript | 4056152 | November 6, 2019 | $2746.80 | $1,373.40 | $1,373.40 |
| Veritext | Atle Hedley | Video | 4092358 | November 6, 2019 | $1045.00 | $522.50 | $522.50 |
| Veritext | Atle Hedloy | Transcript | 4057622 | November 7, 2019 | $4194.10 | $2,097.05 | $2,097.05 |
| Veritext | Atle Hedloy | Video | 4096547 | November 7, 2019 | $760.00 | $380.00 | $380.00 |
| Veritext | Anind Dey | Transcript | 4051169 | November 12, 2019 | $1674.25 | $837.13 | $837.13 |
| Veritext | Anind Dey | Video | 4086870 | November 12, 2019 | $570.00 | $285.00 | $285.00 |
| Veritext | Laurentius Marais | Transcript | 4777841 | January 18, 2021 | $1704.70 | $1,704.70 | $0.00 |

| | | | | Totals | $23536.15 | $12,620.43 | |
|---|---|---|---|---|---|---|---|
| | | | | | | | $10,915.73 |

### C. **Google is Not Entitled to Costs for Witness Attendance Beyond What Was Necessary for Trial**

The Court should disallow $566.00 for witness fees. "Witness fees and subsistence are taxable only for a reasonable period during which the witness is within the district." L.R. 54.1(b)(4). Although witness fees are taxable "even though the witness does not take the stand," the courts have set limits on what constitutes a reasonable period for the fee. For example, a witness's time in the district "for days in advance of their testimony" is not taxable. *See Express Mobile*, No. 1:19-CV-01937-MFK, 2026 WL 1338015 at * 23 (D. Del. May 14, 2026) at *23. Whether a witness is in necessary attendance at trial turns on "the witness' role on the days that he did not testify." *Warner Chilcott Lab'ys Ireland Ltd. v. Impax Lab'ys, Inc.*, No. CIV.A. 08-6304 WJM, 2013 WL 1876441, at *9 (D.N.J. Apr. 18, 2013) (finding it was not necessary for expert witnesses to be in attendance on days they did not testify).

Google levies taxable costs for attendance, lodging, and travel for Ted Choc for six days, including two days in the district after he had completed testifying on April 27, 2023, and two additional travel days. Dkt. 629 at 13. Choc testified on Thursday, April 27, 2023, after which he was excused. Trial Tr. Volume IV, page 828:19-829:2, April 27, 2023. Google's costs should be disallowed for the remaining two days Mr. Choc attended trial (as well as his travel to return to Delaware for those two days) as he was not expected to, and did not, testify on those days.

**Table C: Amended Witness Costs to
Remove Costs for Ted Choc's Attendance After Testifying**

| Witness | Traveling From | Trial Attendance | Defendant's Proposed Cost | Amended Costs | Explanation |
|---|---|---|---|---|---|
| Ted Choc | San Francisco | April 24, 2023 / April 25, 2023 | Attendance Fees / $40.00 per day x 6: | Attendance Fees / $40.00 per day **x 4:** | |

| | | | | | |
|---|---|---|---|---|---|
| | | April 26, 2023 | $240.00 | $160.00 | Disallowing two extra days at trial |
| | | April 27, 2023*<br>May 1, 2023<br>May 2, 2023<br>*testified on this date | Lodging<br>$131.00 per day x 7: $917.00 | Lodging<br>$131.00 per day **x 5**: $655.00 | Disallowing two extra days at trial |
| | | | M&IE (travel days)<br><br>$48.00 per day x 4: $192.00 | M&IE (travel days)<br><br>$48.00 per day **x 2**: $96.00 | Disallowing two extra days of travel |
| | | | M&IE (additional days)<br>$64.00 per day x 6: $384.00 | M&IE (additional days)<br>$64.00 per day **x 4**: $256.00 | Disallowing two extra days of travel |
| | | **Total** | **$1,733.00** | **$1,167.00** | |

### D. <u>Google is Not Entitled to Costs For Exhibits That Were Not Admitted Into Evidence and Has Not Provided a Clear or Specific Bill of Costs</u>

The Court should disallow all $34,899.79 that Google seeks to recover for pre-trial exemplification, printing, and copying costs. Local Rule 54.1(b)(5) permits taxation for "[t]he cost of one copy of a document …when admitted into evidence. The cost of copies obtained for counsel's own use is not taxable." L.R. 54.1(b)(5). "The Local Rules draw a clear distinction between costs relating to exhibits admitted at trial or required to be presented, and those that are prepared for counsel's own use or other reasons." *Honeywell Int'l, Inc.*, No. CIVA 99-309-GMS, 2009 WL 3153496, at *4. The defendant's bill of costs must be clear and specific enough for the court to delineate between the taxable and non-taxable items. "The court will not blindly grant a request for… costs when those costs are described in only the most general and cursory of terms…and are supported by documentation that draws little or no distinction between exhibits used at trial and requested by the court (which are potentially taxable), and non-taxable costs…." *Id*.

### 1. Google Impermissibly Seeks Costs for Exhibits Not Used at Trial and Has Not Properly Prorated Costs

First, the Court should disallow all $3,360.84 that Defendant seeks in production costs because they include costs for exhibits that were not used at trial and are supported only by invoices that are indiscernible on a per document basis. As the Bill of Costs and related invoices provide no information on what specific documents are being charged for, there is no way to separate properly taxable costs and non-taxable costs. Dkt. 630, Ex. D-1 at 2-8. As such, the Court should disallow all Production Costs in Exhibit D-1. In the alternative, the Court should disallow $1,391.25 for invoices in which Google charges the full amount incurred by Google and Motorola, as indicated by the invoices labeled as "DTX (Google and Motorola)" or separate line items for "Google" and "Motorola." *Id.*, Ex. D-1 at 7-8. Google cannot recover for Motorola's costs.

### 2. Google Does Not Demonstrate that the Expenses are Solely for Exhibits Used at Trial, Seeks Multiple Copies, and Double Charges for Deposition Copies

Second, the Court should disallow all $31,538.95 that Google seeks for exemplification and copies for trial as Google does not demonstrate that these exhibits were used at trial, seeks multiple copies of documents, and includes charges for copies of depositions that were already included in Exhibit B. Local Rule 54.1(b)(5) makes clear taxation is only permitted for "one copy" of a document "when admitted into evidence." L.R. 54.1(b)(5). Nothing in Google's Bill of Costs or invoices indicates which costs correspond to documents admitted at trial. Google is also charging for multiple copies of a document or providing invoices that fail even to identify what document was being copied. Dkt. 630, Ex. D-2 at 3, 5-16. Three of Google's invoices suggest that they are for deposition transcripts, which Google already charged for in Exhibit B. *Id.*, Ex. B; Ex. D-2 at 4, 10, 13. As such, the Court should disallow all Google's requested costs for exemplification. In the alternative, the Court should disallow $28,291.11 in costs for the excessive copies, duplicative deposition copies, and unidentifiable documents. *See, e.g.*:

16

**Table D: Amended Costs for Exemplification and Copies for Trial**

| Vendor | Invoice# | Job Date | Defendant Proposed Cost | Disallowed Costs | Amended Cost | Explanation |
|---|---|---|---|---|---|---|
| Parcels | 1018377 | April 17, 2023 | $5,194.20 | $3,462.80 | $1,731.40 | Invoice states "x3" suggesting 3 copies |
| Parcels | 1018481 | April 17, 2023 | $277.00 | $277.00 | $0.00 | Invoice states "Deposition Transcripts" which were already charged for under Deposition Costs, Exhibit B |
| Parcels | 1018574 | April 18, 2023 | $13,254.90 | $13,254.90 | $0.00 | Invoice fails to identify what was copied, only stating "DTX, PX" |
| Parcels | 1018488 | April 19, 2023 | $292.70 | $146.35 | $146.35 | Invoice states "x2" suggesting 2 copies |
| Parcels | 1018731 | April 19, 2023 | $577.15 | $577.15 | $0.00 | Invoice fails to identify what was copied, states no description |
| Parcels | 1020081 | April 20, 2023 | $264.00 | $132.00 | $132.00 | Invoice states "x2" suggesting 2 copies |
| Parcels | 1019344 | April 23, 2023 | $3,271.45 | $2,804.10 | $467 | Invoice states "x7" suggesting 7 copies. |
| Parcels | 1020265 | April 23, 2023 | $1,488.80 | $1,488.80 | $0 | Invoice appears to be for two items. One states "x7" suggesting 7 copies. For another, states "x2" and states "depo of Atle Hedloy" suggesting this is duplicative with costs charged for under Deposition Costs, Exhibit B |
| Parcels | 1020065 | April 24, 2023 | $1,303.75 | $1,117.50 | $186.25 | Invoice states "x7" suggesting 7 copies. |
| Parcels | 1019794 | April 25, 2023 | $378.70 | $324.60 | $54.10 | Invoice states "x7" suggesting 7 copies. |
| Parcels | 1020064 | April 25, 2023 | $1,293.00 | $1,293.00 | $0 | Invoice states "x6" suggesting 6 copies. Also states "Depo Designations" suggesting this is duplicative with costs charged for under Deposition Costs, Exhibit B. |
| Parcels | 1020221 | April 26, 2023 | $1,527.40 | $1,309.20 | $218.20 | Invoice states "x7" suggesting 7 copies. |
| Parcels | 1021309 | April 30, 2023 | $1,647.45 | $1,412.10 | $235.35 | "Invoice states "x7" suggesting 7 copies. |
| Parcels | 1021310 | April 30, 2023 | $768.45 | $691.61 | $76.85 | Invoice appears to be for two items. For one, it states "x7" suggesting 7 copies. For |

17

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | another, it states "x3" suggesting 3 copies. |
| **TOTAL** | | | $31,538.95 | $28,291.11 | $3,247.85 | |

### III.    Conclusion

For the foregoing reasons, the Court should disallow $109,958.95 of the costs Google seeks in its Bill of Costs.

Dated: August 10, 2026

*Of Counsel:*

Seth Ard (admitted *pro hac vice*)
Max Straus (admitted *pro hac vice*)
Beatrice Franklin (admitted *pro hac vice*)
**SUSMAN GODFREY, LLP**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (212) 336-8330
sard@susmangodfrey.com
mstraus@susmangodfrey.com
bfranklin@susmangodfrey.com

John Lahad (admitted *pro hac vice*)
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
jlahad@susmangodfrey.com

Kalpana Srinivasan (admitted *pro hac vice*)
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3106
ksrinivasan@susmangodfrey.com

Kemper Diehl  (admitted *pro hac vice*)
**SUSMAN GODFREY, LLP**
401 Union Street, Suite 3000
Seattle, WA 98101-3000
Tel: (206) 516-3880
kdiehl@susmangodfrey.com

**SMITH, KATZENSTEIN & JENKINS, LLP**

/s/ Neal C. Belgam
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE  19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Plaintiff Arendi S.A.R.L.*